IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

FILED

Oct 17  11 52 AM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

```
-----------------------------------------------x
WILLIAM SPECTOR                                :
                                               :      3:03 CV 253 (JBA)
                                               :
V.                                             :
                                               :
EQUIFAX INFORMATION SERVICES,                  :      DATE: OCTOBER 17, 2003
LLC                                            :
-----------------------------------------------x
```

## RULING ON PENDING DISCOVERY MOTIONS

On February 10, 2003, plaintiff first filed this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. § 42a-110a *et seq.,* and the Consumer Credit Reports Act, CONN. GEN. STAT. § 36a-695; his First Amended Complaint was filed on August 23, 2003. (Dkt. #23).  This lawsuit concerns defendant's alleged failure to provide plaintiff with a copy of his credit disclosure in December 2002 and in late spring 2003, defendant's alleged improper disclosure of plaintiff's credit report in 2003, and defendant's alleged taking plaintiff's credit report "off-line" due to this lawsuit.  Defendant filed Answers on March 14, 2003, April 3, 2003, and August 29, 2003. (Dkts. ##3, 8 & 30).  Under the current Scheduling Order, filed May 15, 2003 (Dkt. #11), all discovery is to be completed by October 30, 2003.

On August 25, 2003, United States District Judge Janet Bond Arterton referred this file to this Magistrate Judge for all discovery.  (Dkt. #22).  Four motions currently are pending.  First, on August 1, 2003, plaintiff filed a Motion to Compel, brief and affidavit in support, regarding twelve interrogatories and seven production requests  (Dkts. ##15-17),

AO 72A
(Rev. 8/82)

as to which defendant filed its brief in opposition on August 27, 2003. (Dkt. #26).[1] Plaintiff filed his reply brief on September 2, 2003. (Dkt. #32).

On August 1, 2003, plaintiff also filed a Motion for Sanctions, brief and affidavit in support, regarding a settlement conference held before Parajudicial Officer ["PJO"] Raymond Green on July 10, 2003 (Dkts. ##18-20), as to which defendant also filed a brief in opposition, and Cross-Motion for Sanctions, on August 27, 2003, as amended on September 5, 2003 (Dkt. ##27 & 33).[2] Plaintiff filed a reply brief on September 4, 2003. (Dkt. #35).

On August 27, 2003, defendant filed a Motion for Protective Order and brief in support (Dkt. #25),[3] as to which plaintiff filed a brief in opposition on September 2, 2003. (Dkt. #31). Defendant filed its reply brief three days later. (Dkt. #34).

For the reasons stated below, plaintiff's Motion to Compel Discovery (Dkt. #15) is granted in part and denied in part, plaintiff's Motion for Sanctions (Dkt. #18) and defendant's Cross-Motion for Sanctions (Dkt. #27) are denied, and defendant's Motion for Protective Order (Dkt. #25) is granted in part.

## I. DISCUSSION

### A. PLAINTIFF'S MOTION TO COMPEL DISCOVERY (Dkt. #15)

In this motion, filed on August 1, 2003, plaintiff moved for the Court to compel defendant to respond to Interrogatories Nos. 1, 2, 3, 4, 5, 6, 7, 8, 10, 12, 13 and 14 and

---

[1]Attached as Exh. A was a copy of defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories, dated July 30, 2003, and a copy of defendant's Supplemental Responses to Plaintiff's First Request for Production, also dated June 30, 2003.

[2]Two exhibits were attached: affidavit of Al Cole (Exh. A); and affidavit of defense counsel (Exh. B).

[3]Attached to the motion is a proposed Protective Order (Exh. A). Defendant's brief is attached as Exh. 1; an affidavit of Alicia Fluellen is attached as Exh. 2 (the original was filed on Aug. 29, 2003 as Dkt. #29); and an affidavit of defense counsel is attached as Exh. 3.

2

Production Requests Nos. 1, 4, 5, 7, 8, 10 and 11. On July 30, 2003, defendant had served supplemental responses to Interrogatories Nos. 3, 4, 6, 7, 8, 10, 12, and 13, and Production Requests Nos. 7, 8 and 10 (see Dkt. #26, Exh. A),[4] which plaintiff apparently had not received before he filed this motion. In his reply brief, plaintiff agrees that defendant has satisfactorily supplemented its responses to Interrogatories Nos. 2, 7, 8 and 10 and Production Request No. 10 and thus withdrew his motion as to those items. (Dkt. #32, at 1). Thus, this motion is now limited to eight interrogatories and six production requests: Interrogatories Nos. 1, 3, 4, 5, 6, 12, 13 and 14 and Production Requests Nos. 1, 4, 5, 7, 8, and 11.

Interrogatories Nos. 1 & 14 – date defendant received Rachel Spector's request for her credit file and the person who processed such request, and inclusive dates when Rachel Spector's credit file was off-line – granted, with compliance by **November 7, 2003.**

Interrogatory No. 3 – inclusive dates when plaintiff's credit file was off-line – granted in part; while defendant apparently is unable "to provide the exact dates" that plaintiff's credit file was off-line (Dkt. #26, at 3), it is to provide at least some rough parameters for this time period (i.e., weeks or months, etc.), with compliance by **November 7, 2003**.

Interrogatory No. 4 – identify each person and entity involved in the determination to take plaintiff's credit file off-line – granted in part; while defendant has identified four members of its legal department who implement the policy of taking files off-line (Dkt. #26, at 3), it failed to identify, if it can, the members of its legal department who were involved with respect to this particular credit file, with compliance by **November 7, 2003**.

Interrogatory No. 5 – state all reasons for taking plaintiff's credit file off-line – denied as defendant has adequately answered the interrogatory (Dkt. #26, at 3-4).

---

[4]Defendant also included a supplemental response to Production Request No. 9.

3

Interrogatory No. 6 – identify each person who can authorize plaintiff's credit file to be returned to on-line status – granted in part; defendant has failed to identify whether its "counsel" are the members of the legal department listed with respect to Interrogatory No. 4 supra (Dkt. #26, at 4), and if so, has failed to identify, if it can, the members of its legal department who were involved with respect to this particular credit file, with compliance by November 7, 2003.

Interrogatory No. 12 – why does taking a consumer file off-line not result in a violation of § 1681g when the consumer requests the information in his credit file – denied as defendant has adequately answered the interrogatory (Dkt. #26, at 5-6).[5]

Interrogatory No. 13 – why does taking a consumer file off-line not result in a violation of § 1681j(b) when the consumer requests the information in his credit file after adverse action notice – denied as defendant has adequately answered the interrogatory (Dkt. #26, Exh. A).[6]

Production Request No. 1 – all records of communication by and between defendant, and plaintiff and Rachel Spector during December 2002 – granted as to Rachel Spector, with compliance by November 7, 2003.

Production Request No. 4 – all depositions and transcripts of testimony for each person you identify as an individual likely to have discoverable information to support your claims and defenses – denied without prejudice to renew at a later time; defendant is correct that plaintiff's request is overly broad (Dkt. #26, at 7-8). Plaintiff may serve a more narrowly tailored request upon defendant on or before November 7, 2003.

Production Request No. 5 – all depositions and transcripts of testimony for each

---

[5]Plaintiff does not address this interrogatory in his reply brief. (Dkt. #32).

[6]Neither side addressed this interrogatory. (Dkts. ##26 & 32).

4

person you identify as a witness in any trial of this matter – <u>denied without prejudice to renew at a later time</u>; defendant is correct that plaintiff's request is overly broad (Dkt. #26, at 8). Plaintiff may serve a more narrowly tailored request upon defendant <u>on or before **November 7, 2003**</u>.

Production Request No. 7 – all policies, protocols, and procedures relating to putting a consumer's credit file in off-line status – <u>granted in part</u>; defendant attached the two heavily redacted pages (Dkt. #26, at 9 & Exh. A; Dkt. #32, at 3). Defendant shall submit the unredacted pages to this Magistrate Judge for her <u>in camera</u> review <u>on or before **November 7, 2003**</u>.

Production Request No. 8 – all documents concerning policies and procedures for compliance with § 1681g and § 1681j(b) when a consumer file is off-line – <u>granted in part</u>; while defendant asserts that it has no documents responsive to this request (Dkt. #26, at 9), it is to produce any documentation regarding "Code Q" (Dkt. #32, at 3; Dkt. #26, Exh. A), <u>with compliance on or before **November 7, 2003**</u>.

Production Request No. 11 – all documents regarding the permissible purpose of each entity that accessed credit report commencing on May 20, 2002 – <u>granted, subject to the protective order addressed in Section I.C. infra, with compliance by **November 14, 2003**</u>.

Therefore, plaintiff's Motion to Compel Discovery (Dkt. #15) <u>is **withdrawn** with respect to Interrogatories Nos. 2, 7, 8 & 10 and Production Request No. 10, is **granted** with respect to Interrogatories Nos. 1 & 14, is **granted subject to the Protective Order** with respect to Production Request No. 11, is **granted in part** with respect to Interrogatories Nos. 3, 4 & 6 and Production Request Nos. 1, 7 & 8, is **denied** as to Interrogatory Nos. 5, 12 & 13, and is **denied without prejudice to renew** as to Production Request Nos. 4 & 5.</u>

As previously ordered by Judge Arterton, with the exception of the discovery matters

AO 72A
(Rev. 8/82)

addressed in this Ruling, all discovery is to be completed by October 30, 2003. (Dkt. #11).

### B.  PLAINTIFF'S MOTION FOR SANCTIONS (Dkt. #18)

This motion concerns a settlement conference held before PJO Green, in Hartford, on July 10, 2003.  In his filings, plaintiff argues that he and his attorney attended this settlement conference, but that defendant did not send any of the three attorneys who have filed appearances in this case, but only a lay employee of defendant.  (Dkt. #18).  Dr. Spector seeks $1,100 in lost time in having to cancel appointments with his patients; plaintiff's counsel seeks $975.00 in attorney's fees for the 3.25 hours spent preparing for, traveling to, and attending this conference.  (Dkt. #18, Affidavits).

In its brief in opposition, defendant argues that its representative, Al Cole, has appeared at settlement conferences in at least two other cases in which the plaintiff had the same counsel as here, without objection by plaintiff's counsel, both conferences held before Magistrate Judge Smith and with both cases settling, and that an associate from Robinson & Cole, with full settlement authority, also attended the July 10th conference, again without objection from plaintiff's counsel.  (Dkt. #27, at 2-3 & Exhs. A-B).  Defendant seeks its attorney's fees and costs incurred in responding to plaintiff's "patently frivolous" motion.  (Id. at 3).  In his reply brief, plaintiff complains not because Mr. Cole appeared, but rather that none of the three attorneys with appearances in the file appeared at the conference.  (Dkt. #35).

Plaintiff's counsel is quite correct that settlement conferences are an integral part of the judicial process and that in appropriate circumstances, sanctions are an appropriate penalty for parties who attend such conferences in a cavalier fashion.  Plaintiff's counsel is also correct that this associate should have filed an appearance before attending the settlement conference.  However, given that this associate was familiar with the file and had

6

settlement authority, along with Mr. Cole (Dkt. #27, at 2-3 & Exh. B), no sanctions will be imposed here.

Accordingly, plaintiff's Motion for Sanctions (Dkt. #18) and defendant's Cross-Motion for Sanctions (Dkt. #27) are <u>denied</u>.

## C. DEFENDANT'S MOTION FOR PROTECTIVE ORDER (Dkt. #25)

In its brief, defendant argues that it has produced approximately 526 pages of documents to plaintiff, some of which include sections that have been redacted. (Dkt. #25, Exh. 1, at 2). Defendant seeks a protective order (<u>id.</u>, Exh. A), in light of "security and privacy [issues] which extend beyond the immediate parties to the millions of consumers for whom [defendant] maintains information." (<u>Id.</u>, Exh. 1, at 4). According to defendant, the manuals, computer algorithms, and similar documents sought by plaintiff's counsel provide a step-by-step guide for logging in and out of defendant's computer system, and making changes to a consumer's credit file. (<u>Id.</u>). Further, defendant's computer system and algorithms are "highly confidential," defendant spends "vast[] amounts of money each year to ensure the integrity of its computer system," "continually monitors access to its database to insure that there is no unauthorized access," "maintains files on millions of individuals" in this country, and requires its employees to sign a confidentiality agreement barring them from discussing defendant's computer systems with anyone outside the company. (<u>Id.</u> at 4-5). Defendant also has concerns about its proprietary information, in that "the credit reporting business is highly competitive." (<u>Id.</u> at 5). Defendant's investment in its computer systems and in the development of its manuals is in the "millions of dollars." (<u>Id.</u> at 6). Defendant does not want its materials "spread around," including becoming available to potential computer hackers. (<u>Id.</u> at 7). (<u>See also id.</u>, Exh. 2 & Dkt. #29).

In his brief in opposition, plaintiff argues that defendant raised confidentiality

objections only to Production Requests Nos. 4, 5, 7, 10 and 11 (Dkt. #31, at 2-3); protective orders are generally against public policy in favor of public access to judicial records and documents (id. at 3-4); defendant has not sustained its burden of demonstrating a specific need, serious harm, particularized proof, the confidential nature of the information, and trade secrets (id. at 4-10); defendant's proposed order does not include a mechanism to challenge the confidential designation (id. at 10-11); and defendant's request for a protective order is belated. (Id. at 11-12). In its reply brief, defendant argues that it has satisfied its burden for obtaining a protective order (Dkt. #34, at 1); it agrees to certain portions of plaintiff's suggested additions to its proposed protective order (id. at 1-2); and its request is not untimely. (Id. at 2-3).

Contrary to plaintiff's arguments, defendant has more than adequately sustained its burden and its request is not untimely. However, as plaintiff has pointed out, defendant's proposed protective order (Dkt. #25, Exh. A) fails to provide an avenue by which a party can challenge the designation of a document as confidential, and plaintiff has suggested language to be included in a protective order, if one is ordered by the court. (Dkt. #31, at 10-11). In its reply brief, defendant nas suggested alternative language which addresses plaintiff's concern. (Dkt. #34, at 1-2).

Accordingly, defendant's Motion for Protective Order (Dkt. #25) is granted in part, such that on or before November 7, 2003, defendant shall submit, for the Magistrate Judge's review, a revised proposed Protective Order which includes the language suggested in its reply brief.

## II. CONCLUSION

Accordingly, for the reasons stated in Section I.A supra, plaintiff's Motion to Compel Discovery (Dkt. #15) is withdrawn with respect to Interrogatories Nos. 2, 7, 8 & 10 and

AO 72A
(Rev. 8/82)

Production Request No. 10, **is granted** with respect to Interrogatories Nos. 1 & 14, **is granted subject to the Protective Order** with respect to Production Request No. 11, **is granted in part** with respect to Interrogatories Nos. 3, 4 & 6 and Production Request Nos. 1, 7 & 8, **is denied** as to Interrogatory Nos. 5, 12 & 13, and **is denied without prejudice to renew** as to Production Request Nos. 4 & 5.

For the reasons stated in Section I.B. supra, plaintiff's Motion for Sanctions (Dkt. #18) and defendant's Cross-Motion for Sanctions (Dkt. #27) are denied.

For the reasons stated in Section I.C. supra, defendant's Motion for Protective Order (Dkt. #25) is granted in part.[7]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within ten days after service of same**);  F.R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit**).

---

[7]Most of the disputes addressed are ones which mature adults should have been able to resolve between themselves; they certainly were not worth the effort that counsel, and now the Court, have put into them.

If either counsel believes that a settlement conference before this Magistrate Judge would be productive, she or he should contact Chambers accordingly.

AO 72A
(Rev. 8/82)

Dated at New Haven, Connecticut, this 17th day of October, 2003.

Joan Glazer Margolis
U.S. Magistrate Judge

AO 72A
(Rev. 8/82)