UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                          CASE NO. 3:03CV 253 (JBA)

EQUIFAX INFORMATION SERVICES, LLC           November 21, 2003

**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S
RULING FOLLOWING IN CAMERA REVIEW**

Pursuant to D. Conn. Local Rule 72.2 for Magistrate Judges, plaintiff objects to the following portions of the November 13, 2003 Ruling, Doc. No. 40, as clearly erroneous, contrary to law or an abuse of discretion:

The Order insofar as it "agrees that the redacted materials constitute attorney-client privilege or work-product material . . .that need not be disclosed to plaintiff."

First, defendant waived any privilege/work product objection by providing the unredacted pages to plaintiff's counsel in the previous litigation between the parties, pursuant to a confidentiality order. Defendant has now provided similar related pages, unredacted, to plaintiff's counsel pursuant to the confidentiality order.

Second, Defendant did not pose any objection as to either attorney client privilege or work product, so the parties were deprived of an opportunity to address that issue. Plaintiff submits a memorandum on the privilege issue herewith.

Third, the redacted material is central to the issue in this case. Plaintiff planned to submit the entire unredacted pages in connection with his dispositive motion. The redaction is contrary to public policy. See United States v. Graham, 257 F.3d 143 (2d Cir. 2001) (public access to court material); Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003) (burden to make particular showing of good cause and show

specific harm). *Cf*. <u>In re Sealed Case</u>, 339 U.S. App. D.C. 309, 199 F.3d 522, 525 (D.C. Cir. 2000) (collecting cases requiring public docketing in judicial proceedings).

                                                THE PLAINTIFF


                                                BY_____
                                                JOANNE S. FAULKNER ct04137
                                                123 Avon Street
                                                New Haven, CT 06511-2422
                                                (203) 772-0395
                                                j.faulkner@snet.net


This is to certify that the foregoing was mailed on November 20, 2003, postage prepaid, to:

J. Anthony Love
Kilpatrick Stockton
1100 Peachtree St #2800
Atlanta GA 30309-4530

                                                        _____
                                                        Joanne S. Faulkner

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                          CASE NO. 3:03CV 253 (JBA)

EQUIFAX INFORMATION SERVICES, LLC            November 21, 2003

PLAINTIFF'S MEMORANDUM SUPPORTING OBJECTION TO MAGISTRATE
JUDGE'S RULING FOLLOWING IN CAMERA REVIEW

The Magistrate Judge upheld the redaction of material from the response to Production Request 7 on the basis of privilege or work product objections, neither of which were raised or briefed.[1] Attached hereto are Equifax's original response and the supplemental response, together with the two pages at issue. The unredacted pages are in the record under seal at Doc. No. 40.

Plaintiff submits that the ordinary everyday standard routines whereby Equifax transmits documents to counsel, stores or destroys documents, and waits for counsel's response does not reveal any legal advice, any request for legal advice, or the substance of any communication. If a document does not seek legal advice, it is not privileged. United States v. Intern. Broth. of Teamsters, AFL-CIO, 119 F. 3d 210, 215 (2d Cir. 1997); United States v. Adlman, 68 F.3d 1495, 1499 (2d Cir. 1995); In re Turner's Appeal, 72 Conn. 305, 318 (1899) (seeking factual information).

---

[1] Thus, defendant make no showing of privilege, as required. United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).

No underlying documents are disclosed on these redacted pages. Even if they were, information provided by a client to an attorney for the purpose of use in litigation, or for disclosure to others, as here, is not privileged. United States v. Oloyede, 982 F.2d 133, 141 (4th Cir. 1992) (information conveyed to be used to file citizenship application, client had no intent to keep confidential); United States v. Tellier, 255 F. 2d 441, 447 (2d Cir. 1958) (information intended to be conveyed to others not confidential); In re Grand Jury Investigation, 557 F. Supp. 1053, 1056 (E.D. Pa. 1983 ) (information intended to be disclosed in filing litigation, or matters of public record, not privileged); United States v. Lawless, 709 F.2d 485, 488 (7th Cir. 1983) (gathered for tax return even though not actually disclosed therein); Computer Network Corp. v. Spohler, 95 F.R.D. 500, 502 (D.D.C. 1982) (purpose "was to obtain facts to represent to the court, and not for the purpose of rendering legal advice").

What the attorney did, and events which occurred after the consultation are not privileged.  State v. Yates, 174 Conn. 16, 20, 381 A.2d 536 (1977); United States v. Brickey, 426 F.2d 680, 685 (8th Cir. 1970) (attorney's acts or services during course of representation not privileged because they are not private professional communications).

The documents referred to in the redacted portions contain largely third party information. They are not privileged. Matter of Grand Jury Subpoenas, 959 F.2d 1158 (2d Cir. 1992) (third party documents and information not subject to privilege, citing Hickman v. Taylor, 329 U.S. 495, 508 (1947)); Ullmann v. Connecticut, 230 Conn. 698, 713 (1994).

"Closed litigation" does not impact attorney work product, and of course what Equifax does as a matter of policy, system, and routine is not work product. Merely running something by counsel does not implicate any privilege. <u>R.I.M.A.C. v. W.A.R.F.</u>, 114 F.R.D. 672, 676 (W.D. Wis. 1987); <u>U.S. Postal Serv. v. Phelps Dodge Refining Corp.</u>, 852 F. Supp. 156, 160, 164 (E.D.N.Y. 1994) ("The mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the communication is necessarily privileged. . . . A corporation cannot be permitted to insulate its files from discovery simply by sending a "cc" to house counsel").

## CONCLUSION

The privilege claim is strictly confined within the narrowest possible limits since it is in derogation of the plaintiff's right to evidence. <u>In re Grand Jury Proceedings</u>, 219 F.3d 175, 182 (2d Cir. 2000); <u>United States v. Weissman</u>, 195 F.3d 96, 100 (2d Cir. 1999). The Ruling is in error when it condones redaction of document crucial to plaintiff's case, which he intended to file in connection with his dispositive motion, on the basis of a non-asserted privilege which does not apply to the pages at issue.

THE PLAINTIFF

BY_____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772 0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on November 20, 2003, postage prepaid, to:

J. Anthony Love
Kilpatrick Stockton
1100 Peachtree St #2800
Atlanta GA 30309-4530

_____
Joanne S. Faulkner