UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                                                 CASE NO. 3:03CV 253 (JBA)

EQUIFAX INFORMATION SERVICES, LLC                    November 21, 2003

PLAINTIFF'S MEMORANDUM SUPPORTING OBJECTION TO MAGISTRATE
JUDGE'S RULING FOLLOWING IN CAMERA REVIEW

The Magistrate Judge upheld the redaction of material from the response to Production Request 7 on the basis of privilege or work product objections, neither of which were raised or briefed.[1] Attached hereto are Equifax's original response and the supplemental response, together with the two pages at issue. The unredacted pages are in the record under seal at Doc. No. 40.

Plaintiff submits that the ordinary everyday standard routines whereby Equifax transmits documents to counsel, stores or destroys documents, and waits for counsel's response does not reveal any legal advice, any request for legal advice, or the substance of any communication. If a document does not seek legal advice, it is not privileged. United States v. Intern. Broth. of Teamsters, AFL-CIO, 119 F. 3d 210, 215 (2d Cir. 1997); United States v. Adlman, 68 F.3d 1495, 1499 (2d Cir. 1995); In re Turner's Appeal, 72 Conn. 305, 318 (1899) (seeking factual information).

---

[1] Thus, defendant make no showing of privilege, as required. United States v. Constr. Prods. Research, Inc., 73 F.3d 464, 473 (2d Cir. 1996).

No underlying documents are disclosed on these redacted pages. Even if they were, information provided by a client to an attorney for the purpose of use in litigation, or for disclosure to others, as here, is not privileged. United States v. Oloyede, 982 F.2d 133, 141 (4th Cir. 1992) (information conveyed to be used to file citizenship application, client had no intent to keep confidential); United States v. Tellier, 255 F. 2d 441, 447 (2d Cir. 1958) (information intended to be conveyed to others not confidential); In re Grand Jury Investigation, 557 F. Supp. 1053, 1056 (E.D. Pa. 1983 ) (information intended to be disclosed in filing litigation, or matters of public record, not privileged); United States v. Lawless, 709 F.2d 485, 488 (7th Cir. 1983) (gathered for tax return even though not actually disclosed therein); Computer Network Corp. v. Spohler, 95 F.R.D. 500, 502 (D.D.C. 1982) (purpose "was to obtain facts to represent to the court, and not for the purpose of rendering legal advice").

What the attorney did, and events which occurred after the consultation are not privileged. State v. Yates, 174 Conn. 16, 20, 381 A.2d 536 (1977); United States v. Brickey, 426 F.2d 680, 685 (8th Cir. 1970) (attorney's acts or services during course of representation not privileged because they are not private professional communications).

The documents referred to in the redacted portions contain largely third party information. They are not privileged. Matter of Grand Jury Subpoenas, 959 F.2d 1158 (2d Cir. 1992) (third party documents and information not subject to privilege, citing Hickman v. Taylor, 329 U.S. 495, 508 (1947)); Ullmann v. Connecticut, 230 Conn. 698, 713 (1994).

"Closed litigation" does not impact attorney work product, and of course what Equifax does as a matter of policy, system, and routine is not work product. Merely running something by counsel does not implicate any privilege. R.I.M.A.C. v. W.A.R.F., 114 F.R.D. 672, 676 (W.D. Wis. 1987); U.S. Postal Serv. v. Phelps Dodge Refining Corp., 852 F. Supp. 156, 160, 164 (E.D.N.Y. 1994) ("The mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the communication is necessarily privileged. . . . A corporation cannot be permitted to insulate its files from discovery simply by sending a "cc" to house counsel").

## CONCLUSION

The privilege claim is strictly confined within the narrowest possible limits since it is in derogation of the plaintiff's right to evidence. In re Grand Jury Proceedings, 219 F.3d 175, 182 (2d Cir. 2000); United States v. Weissman, 195 F.3d 96, 100 (2d Cir. 1999). The Ruling is in error when it condones redaction of document crucial to plaintiff's case, which he intended to file in connection with his dispositive motion, on the basis of a non-asserted privilege which does not apply to the pages at issue.

THE PLAINTIFF

BY _/s/ Joanne S. Faulkner_
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772 0395
j.faulkner@snet.net

5

**RESPONSE**: Defendant Equifax has not retained any experts in this matter.

**REQUEST NO. 7**:

All policies, protocols, and procedures relating to putting a consumer's credit file in off-line status.

**RESPONSE**: Defendant Equifax objects to Request No. 7 on the grounds that it is overbroad, unduly burdensome and seeks information which is neither relevant to any issue in this case, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant Equifax further objects to Request No. 7 to the extent that it seeks information which is confidential, proprietary and/or trade secret in nature.

**REQUEST NO. 8**:

All documents concerning policies and procedures for compliance with §1681g and §1681j(b) when a consumer file is off-line.

**RESPONSE**: Defendant Equifax objects to Request No. 8 on the grounds that it seeks a legal conclusion and, further, that it misconstrues the applicability of the stated subsections of the FCRA.

**REQUEST NO. 9**:

Any terminal audit trail or the like showing the keystrokes entered to obtain the credit information about plaintiff as well as the person who operated the terminal and the location (street address) of that terminal, from May 20, 2002 to the date of your answer.

**RESPONSE**: Defendant will produce this information by supplement.

**REQUEST NO. 10**:

All billings to entities that accessed plaintiff's consumer report for the respective access form May 20, 2002 the date of your answer.

ATLLIB01 1401932.1

**REQUEST NO. 7**: All policies, protocols, and procedures relating to putting a consumer's credit file in off-line status.

**SUPPLEMENTAL RESPONSE**: See documents attached hereto as E0008 through E0009.

**EQUIFAX'S POSITION**: Equifax has responded to this request.

**REQUEST NO. 8**: All documents concerning policies and procedures for compliance with §1681g and §1681j(b) when a consumer file is off-line.

**SUPPLEMENTAL RESPONSE**: Defendant Equifax objects to Request No. 8 on the grounds that it seeks a legal conclusion and, further, that it misconstrues the applicability of the stated subsections of the FCRA. Subject to and without waiving these objections, Defendant Equifax is not in possession of any documents responsive to this request.

**EQUIFAX'S POSITION**: Equifax has responded to this request.

**REQUEST NO. 10**: All billings to entities that accessed plaintiff's consumer report for the respective access form May 20, 2002 the date of your answer.

**SUPPLEMENTAL RESPONSE**: Defendant Equifax objects to Request No. 10 on the grounds that it seeks information which is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence. Defendant Equifax further objects to Request No. 10 on the grounds that it seeks information which is confidential, trade secret and/or proprietary in nature. Subject to and without waiving these objections, and pursuant to the request of Plaintiff's counsel, Equifax provides the following information: If a file is off-line when a creditor requests it, the creditor is not charged.

9

## NEW LITIGATION

**REDACTED**

TAKE THE FILE OFFLINE — LEAVE THE FILE OFFLINE UNTIL THE ATTORNEY REQUESTS FOR IT TO BE PUT BACK ONLINE.

WHEN THE VERIFICATIONS RETURN, PUT THE FILE ONLINE SO THAT THE TRADES/PUBLIC RECORDS COLLECTIONS CAN BE UPDATED. TAKE FILE BACK OFFLINE WHEN THE UPDATES ARE COMPLETE. MAKE A COPY OF THE VERIFICATION FOR OUR FILE AND SEND THE ORIGINAL TO THE ATTORNEY.

**REDACTED**

E0009

## CLOSED LITIGATION

YOU WILL RECEIVE A FAXED NOTIFICATION FROM THE ATTORNEY TO CLOSE THE CASE.

PUT THE FILE BACK ON LINE – IF NECESSARY

# REDACTED

E0003

08/26/2003 TUE 14:39 [TX/RX NO 7597]

This is to certify that the foregoing was mailed on November 20, 2003, postage prepaid, to:

J. Anthony Love
Kilpatrick Stockton
1100 Peachtree St #2800
Atlanta GA 30309-4530

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Joanne S. Faulkner