IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM SPECTOR, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:03CV00253 (JBA) |
| | ) | |
| v. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | DECEMBER 3, 2003 |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S
PROTECTIVE ORDER**

COMES NOW Defendant Equifax Information Services LLC ("Equifax"), by counsel, and hereby files its response to Plaintiff's Objection to Magistrate Judge's Protective Order as follows:

1.  Equifax disagrees with Plaintiff's position concerning Paragraph 6 of the Protective Order. If confidential information is not protected in the manner provided by Paragraph 6, then the protective order is worthless. Plaintiff could simply file a motion and attach documents or information previously marked as "confidential" and, by doing so, disseminate confidential, trade secret and/or proprietary information. Again, this defeats the whole purpose of the protective order. As far as trial, the Court can fashion appropriate safe

guards during the trial to assure that confidential, trade secret and/or proprietary information is protected. There is no need to modify Paragraph 6 of the protective order. If Plaintiff believes that any information has been improperly designated as "confidential", then the protective order affords him the opportunity to seek to have the information removed from the protection of the order. This is another reason that no modification of Paragraph 6 of the protective order is required.

2.   Plaintiff incorrectly characterizes the requirements of Paragraph 10 of the protective order. Paragraph 10 does not give defendant "complete veto power" over Plaintiff's choice of experts. It is very narrow. It only applies to a situation in which an expert retained by Plaintiff is "currently regularly employed by a credit bureau". It is highly unlikely that Plaintiff would even retain (or be able to retain) someone who currently works for another credit bureau. If this did occur, however, Plaintiff would be able to provide all of Equifax's confidential, trade secret and proprietary information to one of its direct competitors. Such an occurrence would be highly prejudicial to Equifax and that is the situation contemplated by Paragraph 10 of the protective order. Plaintiff is free to retain any experts he wants (subject to the other terms of the protective order) without invoking the provisions of Paragraph 10 of the protective order so long as the experts do not currently work for another credit bureau.

WHEREFORE, Defendant Equifax requests that Plaintiff's objections to the protective order be denied and that the protective order stand "as is".

Respectfully submitted,

EQUIFAX INFORMATION
SERVICES, LLC

By _____
Eric D. Daniels (ct 01582)
ROBINSON & COLE LLP
280 Trumbull Street
One Commercial Plaza
Hartford, CT 06103-3697
Tel. No. (860) 275-8200
Fax No. (860) 275-8299

and, of counsel

J. Anthony Love, Esq.
Georgia Bar No. 459155
KILPATRICK STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
Tel. No. (404) 815-6500

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on the 3rd day of December, 2003 to:

       Attorney Joanne S. Faulkner
       123 Avon Street
       New Haven, CT  06511-2422

                                            Eric D. Daniels