UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                                    CASE NO. 3:03CV 253 (JBA)

EQUIFAX INFORMATION SERVICES, LLC            January        , 2004

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Introduction

    Pursuant to the Fair Credit Reporting Act (FCRA), Equifax, a "consumer reporting agency" (commonly known as a credit bureau) *must* give the consumer a copy of his consumer disclosure (commonly referred to as a credit report) upon request, or if he has been denied credit on the basis of the credit bureau's report. 15 U.S.C. §1681g (upon request); §1681j(b) (after adverse action notice). Plaintiff sought his credit file in December 2002 and May 2003 due to adverse action. Equifax received plaintiff's requests, but did not respond by giving plaintiff a copy of his credit file – twice.  Since Equifax directly violated the plain language of the FCRA, as well as its important public purposes, plaintiff seeks summary judgment as to liability alone.

Facts

    The facts are undisputed. Plaintiff, a consumer within the Fair Credit Reporting Act, sought his credit file twice from Equifax, a consumer reporting agency within the Fair Credit Reporting Act. In December, 2002, plaintiff and his wife were denied credit to buy a car. The potential lender had tried to pull plaintiff's credit report electronically, but got this uninformative response:

****REFERRED FILE – CONTACT CBI CREDIT REPORTING CENTER TO GET THE FILE ****

Plaintiff requested his consumer file in December, in tandem with his wife's request. She got her file; he did not.

After this action was filed, complaining about plaintiff's failure to receive a copy of his consumer disclosure in response to his December request, plaintiff received an adverse action notice from his gasoline credit card, Gulf, appended to his Affidavit. Gulf based the action on "a recent review of your Gulf Oil Limited Partnership account [and] a credit report [ ] obtained from: Equifax." Again, plaintiff asked for a copy of his Equifax file, this time by certified mail. Equifax did not respond to the May 2003 request either, despite being on notice of his December problem getting a response to his disclosure request.[1]

Both of plaintiff's requests for his credit file were derailed instead of being provided, because of Equifax's policy of taking a consumer's file offline when he sues Equifax. Plaintiff's file had been taken offline earlier, when he sued Equifax for impermissibly allowing access to his credit file for account reviews even though the users had no account with plaintiff. Spector v. Equifax, Civil No. 3:02CV 870 (GLG). Upon receipt of the lawsuit, in or about June 7, 2002, pursuant to Equifax's standard policy, practice, and procedure when Equifax is sued, Equifax took plaintiff's credit file "off-line." Because the instant lawsuit was filed while the first one was still pending, plaintiff's file was not put back online until June 19, 2003. Despite the fact that defendant and its attorney knew about the December problem, it recurred several months later, after this suit based on the December problem was filed.

---

[1] Equifax persisted in denying that it had received either request but counsel located the second one in his litigation file in mid-December, 2003. Later, Equifax found the first request in its own file.

Argument

I. TWICE, EQUIFAX DID NOT GIVE PLAINTIFF A COPY OF HIS DISCLOSURE

The FCRA mandates that Equifax disclose his consumer file to plaintiff. Equifax, pursuant to its longstanding policy, repeatedly did not comply. Section 1681g(a) states, "Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title [proper identification], clearly and accurately disclose to the consumer. . . ." Section 1681j also uses mandatory language ("shall") in describing when the credit bureau must give free disclosures, including subsection (b), applicable here:

> Each consumer reporting agency that maintains a file on a consumer shall make all disclosures pursuant to section 1681g of this title without charge to the consumer if, not later than 60 days after receipt by such consumer of a notification pursuant to section 1681m of this title [adverse action notice], or of a notification from a debt collection agency affiliated with that consumer reporting agency stating that the consumer's credit rating may be or has been adversely affected, the consumer makes a request under section 1681g of this title.

Equifax admittedly received both of the plaintiff's requests, and admittedly did not disclose plaintiff's consumer file to him either time. "Shall" is mandatory. See Pub. L. 90-321, § 502 (May 29, 1968), 82 Stat. 146, 147, reported as a note following 15 U.S.C. § 1601,which provides in pertinent part: "(1) The word 'may' is used to indicate that an action either is authorized or is permitted. (2) The word 'shall' is used to indicate that an action is both authorized and required. (3) The phrase 'may not' is used to indicate that an action is both unauthorized and forbidden. (4) Rules of law are stated in the indicative mood."

Mandatory disclosure of their files to consumers is central to the purposes of the FCRA. It enables the consumer to dispute the completeness or accuracy of his report, which consequently mandates the credit bureau -- and the furnisher – to investigate and correct his report. §§1681i; 1681s-2(b). See McMillan v. Experian Inf. Servs., Inc., 119 F.Supp.2d 84 (D.

3

Conn. 2000). Equifax's failure to provide plaintiff with a copy of his disclosure – twice -- not only flies in the face of the purpose of the FCRA – to insure accurate reporting – but is also the opposite of "reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). The consumer is in the best position to know whether his credit file is accurate. Equifax obstructs the consumer's efforts to obtain and correct his credit file, and blocks his access to credit when the consumer has sued it. Even after being sued for nor providing his disclosure upon request, Equifax continued to disregard its statutory duty.

Equifax deliberately violates the FCRA, and undermines its purposes, by taking the consumer's file offline so that he cannot obtain it in the same speedy, simple and direct manner available to other consumers.

## II. THE PROCEDURES USED BY EQUIFAX ARE NEGLIGENT PER SE

Here, Equifax received and simply filed plaintiff s request for consumer disclosures, instead of responding to them. The personnel at the internal Consumer Affairs or Legal Departments did not see that plaintiff's December request was fulfilled; the attorney handling this case did not see that his post-litigation May request was fulfilled. Summary judgment should enter for plaintiff on negligence.

The FCRA provides for liability to the consumer for actual damages and attorney's fees when "any person" is negligent in failing to comply with "any" FCRA requirement. 15 U.S.C. §1681o. Negligence is "conduct which falls below the standard of what a reasonably prudent person would do under similar circumstances judged at the time of the conduct at issue." <u>Fane v. Zimmer</u>, 927 F.2d 124 n.3 (2d Cir. 1991). Equifax, directly and through its attorney, unequivocally did not meet the standard of conduct established by the FCRA, which

mandates it to respond to each consumer disclosure request. It was negligent as a matter of law. Restatement (Torts) Second §285 (standard of conduct is that established by a legislative enactment or judicial decision); Prosser, Torts § 36 at 229-30 (5th ed. 1984) (if the statute is applicable and a breach established, the issue of negligence is conclusively determined; directed verdict would be appropriate); Black's Law Dict. 1057 (7th ed. 1999) (negligence per se). Since it did not provide any response to plaintiff's requests for his consumer file, as mandated by the FCRA, at the very least, defendant is liable for negligence as a matter of law. A jury could well determine that defendant's violations were in reckless disregard of plaintiff's FCRA rights as well, particularly where, as here, Equifax did not provide him with his disclosure a second time, after being fully on notice of the first problem.

## CONCLUSION

Equifax deliberately adopted a course of conduct (taking a file offline) in response to suits or demands. Because of this practice, it did not comply with the FCRA's mandatory requirements to disclose his file to this consumer -- twice. Its acts are contrary to the letter (maximum possible accuracy) and the purpose of the FCRA. Summary judgment should enter for plaintiff as to liability alone.

THE PLAINTIFF


BY___/s/ Joanne S. Faulkner
JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395
    j.faulkner@snet.net

  This is to certify that the foregoing was mailed on January 14, 2004, postage prepaid, to:

J. Anthony Love
Kilpatrick Stockton
1100 Peachtree St #2800
Atlanta GA 30309-4530

                _/s/ Joanne S. Faulkner_____
                Joanne S. Faulkner