UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                          CASE NO. 3:03CV 253 (JBA)

EQUIFAX INFORMATION SERVICES, LLC            January   15 2004

PLAINTIFF'S LOCAL RULE 56(a)1 STATEMENT

There is no genuine issue of material fact as to the following:

1. Plaintiff is an individual who resides in Connecticut (stipulated).

2. Plaintiff is a consumer within the meaning of the Fair Credit Reporting Act (stipulated).

3. The defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency within the meaning of the Fair Credit Reporting Act, with its principal offices in Atlanta, Georgia (stipulated).

4. In November of 2002, plaintiff and his wife applied for credit with Citizens Bank to acquire a car (stipulated).

5. Citizens Bank made an on-line request to Equifax for plaintiff's credit report (stipulated).

6. Equifax responded to Citizens Bank's request for plaintiff's credit file on Nov. 27, 2002 with the following (stipulated):

''''REFERRED FILE – CONTACT CBI CREDIT REPORTING CENTER TO GET THE FILE ''''.

7. Citizens Bank did not contact Equifax to obtain a copy of Plaintiff's credit file after this response (stipulated).

8. On December 12, 2002, plaintiff wrote to Equifax for a copy of his credit disclosure. A copy of the letter is attached to plaintiff's affidavit, with the SSN redacted for privacy purposes. Equifax received the letter some time prior to December 20, 2002 (stipulated).

9. On December 12, 2002, plaintiff's wife wrote to Equifax for a copy of her credit disclosure (plaintiff's affidavit).

10. Both letters were mailed to Equifax at the same time and from the same location (plaintiff's affidavit).

11. Both letters were addressed to Equifax at P.O. Box 740241, Atlanta GA 30374 (plaintiff's affidavit).

12. Proper postage was affixed to both letters (plaintiff's affidavit).

13. Both letters had the plaintiff's return address on the envelope (plaintiff's affidavit).

14. Post Office Box 740241 is the address designated by Equifax for consumers to obtain a consumer disclosure copy of their credit file (plaintiff's affidavit).

15. The holder of P.O. Box 740241 is Equifax Information Service Center, 1600 Peachtree St, Atlanta GA 30309 (undisputed, but Equifax refused to so stipulate as irrelevant).

16. Defendant printed and mailed a copy of Mrs. Spector's consumer disclosure to her under date of December 20, 2002 (plaintiff's affidavit).

17. Defendant did not provide plaintiff with a copy of his consumer disclosure at any time within six weeks of December 12, 2002 (stipulated).

18. Typically, the requested disclosure is sent to the consumer on the same day or within few days of Equifax's receipt of the request (stipulated).

19. Equifax received plaintiff's letter of December 12, 2002 some time before December 20, 2002. Plaintiff's file was off-line at the time as a result of Equifax's policy of taking files off-line when they are involved in litigation (stipulated).

20. Equifax's Operator Z45 (Jacqueline Graham) of ACS in Jamaica (Equifax's vendor) tried to process plaintiff's request on December 20, 2002, but could not do so and redirected it. (Bates E1139, provided in supplemental disclosure by Equifax under date of Dec. 31, 2003).

21. Equifax found plaintiff's letter and envelope of December 12, 2002, in its own file, after December 16, 2003, and provided it in supplemental disclosure attached to Bates E1139 under date of Dec. 31, 2003.

22. In or about April, 2003, Gulf Oil sent an adverse action letter regarding plaintiff's gas credit card, based on information in a credit report from Equifax. A copy of the letter is attached to plaintiff's affidavit (stipulated).

23. Gulf received a file off-line response, like the one described above, in response to its efforts to obtain plaintiff's credit file on April 7 and April 18, 2003 (stipulated).

24. On May 7, 2003, plaintiff wrote defendant at the P.O. Box set forth above to obtain a copy of his consumer disclosure. A copy of the letter is attached to plaintiff's affidavit, with the SSN redacted for privacy purposes (stipulated). (plaintiff's affidavit).

25. Plaintiff sent the May 7, 2003, request by certified mail, return receipt requested. A copy of the return receipt is attached to plaintiff's affidavit (plaintiff's affidavit).

26. Plaintiff's May 7, 2003 request was delivered to Equifax's post office box on May 9, 2003, and signed for as received on May 10, 2003 (stipulated).

27. Within eight weeks after May 10, 2003, Equifax did not provide plaintiff with a copy of his consumer disclosure (stipulated).

28. On December 10, 2003, Equifax discovered plaintiff's original May 7, 2003, request, which had been in the litigation file of J. Anthony Love, defense counsel (plaintiff's affidavit).

29. On May 20, 2002, plaintiff had sued Equifax, alleging that Equifax had allowed users to access his credit file impermissibly for account reviews even though plaintiff had no account with the users. Spector v. Equifax, Civil No. 3:02CV 870 (GLG). Plaintiff and Equifax ultimately settled that case.  Plaintiff was represented in that case by his current attorney (stipulated) and defendant was represented by its current attorney, J. Anthony Love.

30. Equifax does not disclose account reviews to creditors or potential creditors, but only to the consumer (undisputed but not stipulated by Equifax).

31.  Upon receipt of the lawsuit, in or about June 7, 2002, pursuant to Equifax's standard policy, practice, and procedure when Equifax is sued, Equifax took plaintiff's credit file "off-line." Def. Ex. A to Doc. No. 26  (Int. 4, 6)

32. Plaintiff's file was still off-line when he filed this suit in February of 2003.  The first suit was dismissed on March 26, 2003 (stipulated).   Equifax and  its Attorney Love were specifically aware of plaintiff's claim that he had not received a copy of his consumer disclosure, as requested in December, before the dismissal of the first suit. Spector v. Equifax, Civil No. 3:02CV 870 (GLG), Doc. No. 24.

33. A code "6" is used to take a consumer's file off-line.  When defendant takes a consumer's credit file off-line, a "file not available" message appears when an operator tries to respond to a consumer's request for his own file.  At that point, the operator is supposed to forward the matter to the Office of Consumer Affairs (stipulated).

34. Defendant does not put a consumer's credit report back on line after it is sued until advised by its outside counsel that the case has been settled and dismissed or that all issues related to the accuracy of the report have been resolved (stipulated).

35. Plaintiff's credit file was offline between approximately June 7, 2002 and June 19, 2003 (stipulated).

36. Plaintiff wishes to append certain documents describing the offline procedure. Details of defendant's procedures and defense counsel's central role therein are on file herein under seal. Doc. No. 40. Plaintiff respectfully refers the Court to the documents entitled "VIP Report," "New Litigation," "Closed Litigation," "New Demands," and "Closed Demands" and requests that they be released from seal and confidentiality and used in connection with this motion and further proceedings herein.

THE PLAINTIFF


BY_____/s/ Joanne S. Faulkner_____
JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395
    j.faulkner@snet.net


    This is to certify that the foregoing and attached was mailed on January 14, 2004, postage prepaid, to:

J. Anthony Love
Kilpatrick Stockton
1100 Peachtree St #2800
Atlanta GA 30309-4530


       ___/s/ Joanne S. Faulkner_____
       Joanne S. Faulkner