IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:03CV253(JBA) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| | ) January 15, 2004 |
| Defendant. | ) |

### AFFIDAVIT OF ALICIA FLUELLEN

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| COUNTY OF FULTON | ) |

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Alicia Fluellen, after being duly sworn, and stated as follows:

1. My name is Alicia Fluellen. I am a Director in the Office of Consumer Affairs for Equifax Information Services LLC ("Equifax"). I have personal knowledge of the matters contained herein, except to the extent that I state herein that my information is from company records or some similar source, and am otherwise competent to give this affidavit. I understand that this affidavit will be used in support of Equifax's motion for summary judgment in this case.

2. Equifax accepts information regarding a consumer's credit only from those sources of credit information, which include banks, creditors and merchants, which, either on the basis of Equifax's prior experience, or because of the particular source's reputation, are determined by Equifax to be reasonably reliable sources of information. Equifax compiles this

1

information into consumer reports that can be distributed to users of information who have contracted with Equifax. Equifax maintains over 250 million files containing information related to the creditworthiness of consumers, including a file for Plaintiff. These files are maintained in a database and ordinarily available online.

3. Generally, in the ordinary course of business, Equifax releases a particular consumer's file in two circumstances: (1) to an existing or potential creditor of the consumer and (2) to the consumer himself pursuant to the federal Fair Credit Reporting Act, 15 U.S.C. 1681, *et seq*. and various similar state statutes. In the first example, the file released is called a "credit report" or "consumer report." In the second example, the file released is called a "consumer disclosure."

4. When a consumer files a lawsuit against Equifax, it initiates certain policies and procedures that are specific to files that are involved in litigation. One such policy is to take the file "offline". When a file is offline, it still exists within Equifax's database, but is unavailable electronically to potential creditors and even Equifax personnel in charge of responding to routine consumer requests for a disclosure. If a potential creditor requests a file that is offline, it will receive a message stating that the file is unavailable and inviting the credit grantor to contact Equifax. Equifax does this to protect itself, its customers and consumers from harm and/or further damages or suits resulting from providing credit reports that contain disputed and possibly inaccurate information as well as, in some instances, the concern over possible identity theft.

5. Equifax also has a policy concerning requests by consumers for copies of their credit files when their file is involved in litigation. When Equifax receives such a request, it forwards the request to its outside counsel to handle.

ATLLIB01 1643109.1

6.      In the present case, Equifax received Plaintiff's two requests for a credit file. Since Plaintiff's file was offline, the requests were forwarded to Equifax's Office of Consumer Affairs. Under its policy, the requests should then have been forwarded to Equifax's outside counsel so that he could review the request and arrange for a copy to be sent to Plaintiff.

7.      Citizen's Bank electronically requested a copy of Plaintiff's credit file on November 27, 2002. Since the file was offline, Citizen's received a message that the file was unavailable and advising it to contact Equifax to get the file. Citizen's Bank never contacted Equifax to request a copy of the credit file following its receipt of this notification nor did Plaintiff ever contact Equifax to ask that Citizen's Bank be provided a copy of his report or put his file back online.

8.      Gulf Oil electronically requested copies of Plaintiff's credit file on April 7, 2003 and April 18, 2003. His file was offline at the time of these requests and Gulf also received a notification similar to the one received by Citizen's Bank. Gulf Oil never contacted Equifax to request a copy of Plaintiff's file following its receipt of these notifications.

9.      Equifax sent two copies of Plaintiff's credit file to its counsel in March of 2003 so that they could be forwarded to Plaintiff or his counsel.

10.     A copy of Plaintiff's credit file was sent directly to him on July 16, 2003 and another on September 25, 2003.

11.     Equifax never acted with malice or intention to harm Plaintiff in this matter.

ATLLIB01 1643109.1

This 14th day of January, 2004.

FURTHER AFFIANT SAYETH NOT.

_____
ALICIA FLUELLEN

Sworn to and subscribed before me
this 14th day of January, 2004.

_____
Notary Public
My Commission Expires:



4