IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:03CV253(JBA) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| | ) January 15, 2004 |
| Defendant. | ) |

### AFFIDAVIT OF J. ANTHONY LOVE

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| COUNTY OF FULTON | ) |

J. Anthony Love, being duly sworn, deposes and says:

1. I am an attorney with the firm of Kilpatrick Stockton LLP, which has an office at 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309. I am licensed to practice in Georgia and admitted *pro hac vi*ce in this case as Counsel for Defendant Equifax Information Services LLC. I make this affidavit in support of Equifax's Motion for Summary Judgment in this action. I have personal knowledge of the matters contained herein and am otherwise competent to make this affidavit.

2. Plaintiff filed a previous lawsuit against Equifax ("Spector I"). During the pendency of that lawsuit, on January 9, 2003, I received an e-mail from plaintiff's counsel advising me that she had a new "slam dunk" claim against Equifax because her client had been "denied credit based on an Equifax report" and because his "request for a copy of his report had been ignored." She did not ask me to provide her or him a copy of his credit file. Rather, she offered to include those claims in a settlement of Spector I or to

bring a separate lawsuit based upon them. Equifax declined to pay the amount she was seeking to settle the instant claims. (Attached hereto as Exhibit "A" is a copy of the e-mail).

3. On January 13, I responded to plaintiff's counsel's January 9 e-mail. Consistent with Equifax policies, I told her as follows:

> When did he ask for his credit report? Give me a break. You know that all you have to do is ask me and I will send you one. Do you want me to send you one?

I did not receive a reply to this e-mail. (Attached hereto as Exhibit "B" is a copy of the e-mail).

4. Shortly after I received plaintiff's counsel's January 9 e-mail, I learned from the Office of Consumer Affairs at Equifax that it had no record of a disclosure request from plaintiff, although we have since learned that such a request was received on or before December 20. Under Equifax's standard procedures with respect to the "off-line" files of plaintiffs, the Office of Consumer Affairs should have been made aware of plaintiff's request and should have told me about it.

5. Then, on February 3, 2003, I received another e-mail from plaintiff's counsel again inquiring whether we would settle "all outstanding claims" of Mr. Spector. Again, she did not ask for a copy of his credit file, instead threatening to file her "slam-dunk suit" within a few days. I replied the same day, telling plaintiff's counsel that Equifax had "no record" of her client's request (which I believed to be true) and pointing out her failure to let me know when and how he made his request. (Attached hereto as Exhibit "C" is a copy of the e-mail).

6. I received no response to my February 3 e-mail. Plaintiff's counsel made good on her threat, however, by filing this suit ("Spector II") on February 10, 2003.

7. Spector I was settled on March 4, 2003. One of the terms of the settlement agreement was that Equifax would provide Plaintiff with a current copy of his credit file and, if he had any further disputes, he would advise Equifax accordingly.

8. On March 10, 2003, I sent Plaintiff's counsel a current copy of Plaintiff's credit file by overnight mail. (Attached hereto as Exhibit "D" is a copy of the transmittal letter).

9. On March 12, 2003, Plaintiff's Counsel sent me an e-mail with several disputes concerning the contents of the March 7, 2003 report that I had provided to her.

10. Equifax made the requested changes and sent Plaintiff's Counsel an updated copy of the report on March 17, 2003. (Attached hereto as Exhibit "E" is a copy of the transmittal letter). I heard nothing from plaintiff's counsel about any inaccuracies in this updated version of his report.

11. This Court dismissed Spector I on March 26, 2003, pursuant to the settlement.

12. Only the claims of Spector I were settled.

13. Plaintiff sent a certified letter to Equifax on May 7, 2003 requesting a copy of his credit file. (Joint Statement of Facts, para. 24). Although I do not know when, this letter eventually made its way to me and I instructed Equifax to send the disclosure directly to Mr. Spector. Equifax did so on or about July 16, 2003. During the entire time between May 7 and July 15, while this case was pending, I did not receive a

single request from plaintiff's counsel to send her or Mr. Spector a copy of his credit file. I was not aware of his second request for a disclosure until I received it from Equifax.

14. In late August, plaintiff's counsel brought to my attention some additional items on his July 16 report that he claimed were inaccurate. (Interestingly, several of the items disputed at this point were also on his March reports, but not disputed at that time.) I forwarded these disputes directly to Equifax for handling.

15. After investigating plaintiff's additional disputes, Equifax sent him another copy of his report in September, 2003.

This 14th day of January, 2004.

FURTHER AFFIANT SAYETH NOT.

_____
J. Anthony Love

Sworn to and subscribed before
me this 14th day of January, 2004.

_____
Notary Public

ATLLIB01 1645028.1