UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.  CASE NO. 3:03CV 253 (JBA)

EQUIFAX INFORMATION SERVICES, LLC  June 19, 2003

<u>PLAINTIFF'S RESPONSE TO EQUIFAX DISCOVERY</u>

**INTERROGATORIES**

**Interrogatory No. 1:**

Identify, including name, address, and telephone number, all persons who have personal knowledge of any of the facts, events, or matters alleged in your Complaint, and describe generally the matters on which the persons named have knowledge.

Unidentified employees of Equifax who processed plaintiff's request for his credit report

Plaintiff who may be contacted through his counsel

John Friedline, Kilpatrick Stockton, controls taking credit reports off line and returning them to online status.

**Interrogatory No. 2:**

Identify all persons who assisted in, or supplied information used in, preparing answers to these Interrogatories. Your response should indicate the specific interrogatory responses with which each person assisted or supplied information.

OBJECTION: Outside scope of discovery, Maple Drive-In Theatre Corp. v. RKO Corp., 153 F.Supp. 240 (S.D.N.Y. 1956); Hopkinson Theatre Inc. v. RKO, 18 F.R.D.

379, 383 (S.D.N.Y. 1956); U.S. v. National Steel Corp., 26 F.R.D. 599 (S.D. Tex. 1960); attorney-client or work product privilege.

**Interrogatory No. 3:**

State any and all names you have ever used when applying for credit, any and all social security number(s) you have used when applying for credit and all residential addresses you have maintained for the last ten years.

OBJECTION: Overbroad since the incident at issue arose in 2002, so plaintiff limits his response to the time frame beginning 2002

To be provided

**Interrogatory No. 4:**

List each and every personal and/or business account(s), loan(s), credit card(s) or line(s) of credit you have had during the past seven years whether they are presently open accounts or not.

OBJECTION: Overbroad since the incident at issue arose in 2002, and because the claim that defendant illegally refused plaintiff's requests for a copy of his credit record has nothing to do with such accounts.

**Interrogatory No. 5:**

Identify, including name, business address, and telephone number, each person whom you may call as an expert witness at any hearing or trial in this case, and for each person identified, state the subject matter on which the expert may testify, state the

substance of the facts and opinions to which the expert may testify, and summarize the grounds for each opinion.

OBJECTION to the extent the request exceeds federal disclosure requirements and is premature under or inconsistent with the Planning Report.

**Interrogatory No. 6:**

Identify all communications between you and any other person or entity, including, but not limited to Equifax, relating or referring to the facts, acts, events or matters alleged in your complaint or to your consumer report as that term is defined in the Fair Credit Reporting Act § 1681a (15 U.S.C.). Your response should describe the date, means and substance of each communication identified.

OBJECTION to any communication between plaintiff and his counsel.

After each credit denial based on an Equifax report, I sent a letter to Equifax requesting a copy of my credit report, 12-12-02 and 5-7-03. I received no response.

**Interrogatory No. 7:**

Identify all documents that reflect, refer to or relate to any communications between you and any other person or entity, including, but not limited to Equifax, relating or referring to the facts, acts, events or matters alleged in your complaint or to your credit report.

Letters of 12-12-02 and 5-7-03 following adverse action letters from car loan company and Gulf.

**Interrogatory No. 8:**

Describe in detail all damages you seek in this lawsuit, including, but not limited to out-of-pocket monetary loss, emotional damages, and/or denials of credit. Your response should include an explanation of the basis for each item of damage claimed, the amounts and any calculations used to arrive at those amounts.

Postage, emotional distress and worry. The damages are statutory damages up to $1,000, actual damages for emotional distress and inconvenience; punitive damages which accrue from willful violation of the FCRA, all to be calculated by the jury and within the jury's province, estimated range from $8,000 to $100,000 based on recoveries in FCRA cases generally.

**Interrogatory No. 9:**

To the extent not previously identified, identify all documents and communications that refer, reflect, relate to or support any claim, allegation or defense asserted (or that could have been asserted) by the parties to this lawsuit.

None other than my Equifax credit file and frozen scans.

**Interrogatory No. 10:**

If you are seeking punitive damages against Equifax in this case, please identify the complete factual and legal basis for such claims including, but not limited to, a description of each alleged act and/or omission by Equifax which you contend supports your claim for punitive damages, the date each such act and/or omission occurred and any and all laws, regulations or statutes (including specific subsections) relied upon to support such a claim.

Willful violation of 1681g or j(b); Equifax's intentional policy to take a report off line.

**Interrogatory No. 11:**

Describe your educational background, including all degrees, certificates and or certifications obtained by you, the date of each and the school, institution and/or entity from which each was obtained.

To be provided.

**Interrogatory No. 12:**

Describe your work history for the last ten years including the names and addresses of each employer, the job title you held, the responsibilities of each job, the dates of each job, your salary or rate of pay at each job and your reason for leaving each job.

OBJECTION: the request does not relate to any claim or defense in this matter which concerns only Eauifax's willful refusal to provide my credit report, and unnecessarily invades my personal privacy and financial information with no good cause.

**Interrogatory No. 13:**

State each section and subsection of the federal Fair Credit Reporting Act that you allege Equifax violated in this matter and the facts which you contend support each such violation.

See response to Int. 10.

## PRODUCTION

**Request No. 1:**

All documents identified in response to Equifax's First Set of Interrogatories to Plaintiff, served contemporaneously herewith.

To be provided

**Request No. 2:**

All statements taken by Plaintiff or on Plaintiff's behalf from any person identified in response to Defendant Equifax Information Services, LLC's First Set of Interrogatories to Plaintiff or from any person(s) known to be witnesses concerning the facts of this case. None.

**Request No. 3:**

All documents that reflect, refer to or relate to any correspondence or communications Plaintiff has had with credit grantors, or prospective credit grantors, including, but not limited to, applications for credit, promissory notes, denials of credit, bills, or statements of account for the seven years prior to the filing of the complaint in this action. OBJECTION: Overbroad and not calculated to lead to the discovery of admissible evidence as to any claims or defenses in the case, since the incident at issue arose in 2002. Adverse action notices to be provided

**Request No. 4:**

All documents that reflect, refer to or relate to any correspondence or communications between Plaintiff and any consumer reporting agency, as that term is defined in FCRA §1681a, including but not limited to Equifax, including any copies of Plaintiff's consumer report or any disputes communicated to the consumer reporting agency by Plaintiff. OBJECTION: Overbroad and not calculated to lead to the discovery of admissible evidence as to any claims or defenses in the case, since the incident at issue arose in 2002 and involves only Equifax. Communications from me to Equifax and adverse action notices to be provided.

**Request No. 5:**

All documents that reflect, refer to or relate to any communications with any credit grantors with whom Plaintiff has established credit or with any debt collection agencies regarding any disputes about billing, payment or reporting of information.

OBJECTION: Overbroad and not calculated to lead to the discovery of admissible evidence as to any claims or defenses in the case, since the incident at issue arose in 2002, and the only issue in the case is Equifax's willful refusal to provide my credit report.

**Request No. 6:**

Each and every consumer report, as that term is defined in FCRA § 1681a, made about Plaintiff, obtained from any source in the seven years prior to the filing of the complaint in this action.

OBJECTION: Overbroad and not calculated to lead to the discovery of admissible evidence as to any claims or defenses in the case, since the incident at issue arose in 2002 and involves only Equifax's FAILURE to provide my report.

**Request No. 7:**

All documents you have sent to or received from Equifax at any time prior to the filing of this lawsuit regarding, in any way, your Equifax consumer report.

The unanswered requests for a copy of my credit file will be provided.

**Request No. 8:**

All documents that refer or relate to Plaintiff's allegations that Equifax violated the FCRA and/or any other laws.

See response to Request 7.

**Request No. 9:**

All tangible reports, physical models, compilations of data, and other materials prepared by an expert, or for an expert, who may testify at any trial or deposition in this lawsuit.

OBJECTION to the extent the request exceeds federal disclosure requirements and is premature under or inconsistent with the Planning Report.

**Request No. 10:**

All documents evidencing, referring or relating in any way to the amount and calculation of damages Plaintiff claims to have suffered as a result of Equifax's alleged violation of the FCRA and/or any other laws.

None in my possession or control.

**Request No. 11:**

All documents evidencing, referring or relating in any way to the amount and calculation of attorney's fees and costs incurred by Plaintiff in this action, and attributable to Equifax's alleged violation of the FCRA and/or any other laws, including, but not limited to letters denying credit and/or employment.

Objection: letters denying credit and/or employment do not relate to calculation of attorney's fees. Calculation of attorney's fees outside scope of discovery and not calculated to lead to admissible evidence, since fee award must be based on lodestar (marketplace) rates. This is a fee shifting case; fees and costs will be sought by petition or agreement under usual fee-shifting standards. Under these standards, the party's agreement with his lawyers may not be considered as a floor, standard, or ceiling. Blanchard v. Bergeron, 489 U.S. 87, 93 (1989); Venegas v. Mitchell, 110 S.Ct. 1679 (1990); City of Burlington v. Dague,

112 S. Ct. 2638 (1992); Amherst Leasing Corp. v. Emhart Corp., 65 F.R.D. 121, 126 (D. Conn. 1974) (motion to compel fee agreement denied); Stahler v. Jamesway Corp., 85 F.R.D. 85, 86 (E.D. Pa. 1979) (fee agreement not discoverable); Sanderson v. Winner, 507 F.2d 477 (10th Cir. 1974). Premature; not applicable unless and until plaintiff prevails (Rule 54) at which time a detailed fee application must be submitted; burdensome: Time records continue to accrue, work product privilege. Courts in this District firmly deny fee discovery from a plaintiff in a fee shifting case as outside the scope of discovery. McMillan v. Experian Information Serv. Inc., Civil No. 3:99CV1481 JBA (JGM) (D. Conn. Nov. 2000); Young v. Citicorp Retail Services, Inc., Civil No. 3:95CV 1504 (AHN) (HBF) (D. Conn. May 14, 1996); Bishop v. National Account Systems, Inc., Civil No. 3:91CV132 (AHN) (TPS) (D. Conn. Jan. 6, 1992).

**Request No. 12:**

If you are making any claim for lost wages and/or lost income in this case, then produce copies of your state and federal income tax returns for the last five years.

OBJECTION: Overbroad since the incident at issue arose in 2002; an unwarranted and oppressive invasion of privacy; outside the scope of discovery as to any violations of the FCRA; will not lead to admissible evidence of any kind; is irrelevant to the subject matter of the case, which is defendants' violation of plaintiff's FCRA and other consumer rights; and there is no claim or defense to which plaintiff's tax returns would be relevant or admissible. Moreover, tax returns are confidential and privileged by law, 28 U.S.C. §1603, and defendant has not shown any extraordinary need for same. Plaintiff is not asserting any claim for lost wages or income.

**Request No. 13:**

Please produce copies of any letters denying you credit and/or employment that you have received in the last two years.

OBJECTION: Overbroad since the incident at issue arose in 2002.

To be provided to the extent they are based on Equifax's report.

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net
