IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:03CV253(JBA) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) February 5, 2004 |
| | ) |
| Defendant. | ) |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL OBJECTION TO MAGISTRATE JUDGE'S ORDERS**

### I. INTRODUCTION

This case involves Plaintiff's claim that Equifax violated the Fair Credit Reporting Act when it failed to send him two copies of his credit file immediately when he requested them. Plaintiff alleges that the delay in getting these copies caused him damages in the form of "postage, emotional distress and worry". Equifax strongly denies these claims and has filed a motion for summary judgment.

During discovery, Equifax inadvertently produced five pages of documents captioned "VIP Report", "New Litigation", "Closed Litigation", "New Demands" and "Closed Demands".[1] Equifax later withdrew its production of these five pages and explained to Plaintiff that they were not part of its manuals. They were simply documents created from handwritten notes of one of Equifax's employees, Lanette Fullwood. Equifax has offered to make two witnesses available for deposition concerning these five

---

[1] In order to maintain the confidentiality of these documents, Equifax has not attached copies to this memorandum, but, instead, has provided copies to the Court under separate cover.

ATLLIB01 1650234.1

pages – Ms. Fullwood and a 30(b)(6) witness. The documents themselves, however, should remain within the coverage of the protective order since (1) Ms. Fullwood intended for them to remain confidential when she prepared them, (2) while not a complete (or entirely accurate) statement of Equifax's current procedures, some of the information does reflect Equifax's procedures and (3) Plaintiff will not be prejudiced by having the documents remain within the coverage of the protective order and there is no compelling reason to publicly disclose them.

## II. <u>ARGUMENT AND CITATION OF AUTHORITY</u>

During discovery, Plaintiff served Equifax with a request for production of documents which asked for copies of its manuals related to its off-line procedure, including documents related to compliance with section 1681g and 1681j(b) of the FCRA.. (*See, e.g.*, Plaintiff's Request for Production of Documents Nos.7 and 8). Equifax had already produced these documents in Plaintiff's previously filed suit against it and produced them again in this case under a cover letter dated November 13, 2003. In its production, Equifax inadvertently produced five pages (E0044, E0045, E0048, E0049 and E0050). These documents are not part of Equifax's manuals and while some of the information is correct, they do not contain a complete, accurate statement of Equifax's current procedures or policies and never have. (Affidavit of Alicia Fluellen, attached hereto as Exhibit "A", para. 2). They were never intended to be used as part of training manuals for the purposes of training employees. (Fluellen Affidavit, para. 3). Instead, they are documents based upon handwritten notes of one of Equifax's employees, Lanette Fullwood, many years ago. (Affidavit of Lanette Fullwood, attached hereto as

Exhibit "B", para. 2). When they were prepared, they were intended to remain confidential. Id.

Due to the confidential nature of these documents, they should remain within the coverage of the protective order. Ms. Fullwood intended for them to be confidential since the moment she prepared them. They do contain some correct statements of the procedures although not all of the information is current or accurate. To remove them from the protective order could harm Equifax by permitting the confidential notes of one of Equifax' employees concerning a broad range of Equifax's internal operations to become public. The documents themselves contain subscriber codes, internal Equifax codes and references to internal processes that could be abused if made public for the same reasons set forth in Equifax's previously filed motion for protective order. Finally, Plaintiff will suffer no harm if these documents remain within the coverage of the protective order. He can still use them in a discovery deposition of Ms. Fullwood and an 30(b)(6) witness and, if they prove to be relevant, at trial. There is no compelling reason to make these sensitive documents public under these circumstances.

## III. CONCLUSION

For the reasons stated above, Defendant Equifax requests that Plaintiff's motion be denied.

This 4th day of February, 2004.

        Respectfully submitted,

        EQUIFAX INFORMATION
        SERVICES LLC

        By: _____
           J. Anthony Love, Esq. ct20053
           Georgia Bar No. 459155
           Kilpatrick Stockton LLP
           1100 Peachtree Street, Suite 2800
           Atlanta, Georgia 30309
           (404) 815-6500

        Eric D. Daniels, Esq.
        Robinson & Cole LLP
        280 Trumbull Street
        Hartford, Connecticut 06103-3597

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL OBJECTION TO MAGISTRATE JUDGE'S ORDERS by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

> Joanne S. Faulkner, Esq.
> 123 Avon Street
> New Haven, Connecticut 06511

Dated: February 4, 2004.

ATLLIB01 1650234.1

5

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:03CV253(JBA) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| | ) February 4, 2004 |
| Defendant. | ) |

## AFFIDAVIT OF ALICIA FLUELLEN

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| COUNTY OF FULTON | ) |

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Alicia Fluellen, after being duly sworn, and stated as follows:

1.  My name is Alicia Fluellen. I am a Director in the Office of Consumer Affairs for Equifax Information Services LLC ("Equifax"). I have personal knowledge of the matters contained herein, except to the extent that I state herein that my information is from company records or some similar source, and am otherwise competent to give this affidavit. I understand that this affidavit will be used in support of Equifax's motion for summary judgment in this case.

2.  In Response to Plaintiff's Request for Production of Documents in this case, Equifax inadvertently produced five page captioned "New Litigation", "Closed Litigation", "New Demands", "Closed Demands and "VIP Report" (E0044, E0045, E0048, E0049 and E0050). These documents are not part of Equifax's manuals and while some of the information is correct,

1                  **EXHIBIT A**

ATLLIB01 1656278.1

they do not contain a complete, accurate statement of Equifax's current procedures or policies and never have.

3.  Further, these documents were never intended to be used as part of training manuals for the purposes of training employees.

This 4th day of February, 2004.

FURTHER AFFIANT SAYETH NOT.

*Alicia Flue*
ALICIA FLUELLEN

Sworn to and subscribed before me
this 4th day of February, 2004.

*[signature]*
Notary Public      D MARTIN  NOTARY PUBLIC
                   COBB COUNTY, GA
My Commission Expires: MY COMMISSION
                       EXPIRES 10/18/06

ATLLIB01 1656278.1

2

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:03CV253(JBA) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| | ) February 4, 2004 |
| Defendant. | ) |

## AFFIDAVIT OF LANETTE FULLWOOD

STATE OF GEORGIA    )
                    )
COUNTY OF FULTON    )

LANETTE FULLWOOD, being duly sworn, deposes and states as follows:

1.  I am an employee of Equifax Information Services, LLC ("Equifax"), one of the defendants in the above-referenced action. I am over 21 years of age, competent to testify as to the matters set forth herein, and authorized to execute this affidavit on behalf of Equifax.

2.  The documents that Equifax produced in this case captioned "New Litigation", "Closed Litigation", "New Demands", "Closed Demands" and "VIP Reports" are documents that I created from handwritten notes I made in 1998 concerning various issues. When they were prepared, they were intended to remain confidential.

FURTHER AFFIANT SAYETH NOT.

This 4th day of February, 2004.

*[signature]*
Lanette Fullwood

**EXHIBIT B**

ATLLIB01 1656284.1

Sworn and subscribed before me
this 4th day of February, 2004.
and notarized the same date.

_____
NOTARY PUBLIC

My Commission Expires:

```
D. MARTIN   NOTARY PUBLIC
     COBB COUNTY, GA
      MY COMMISSION
     EXPIRES 10/18/08
```