IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Feb 5       AM '04

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:03CV253(JBA) |
| EQUIFAX INFORMATION SERVICES LLC, | ) ) February 5, 2004 ) |
| Defendant. | ) ) |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY ORDERS**

**I. INTRODUCTION**

This case involves Plaintiff's claim that Equifax violated the Fair Credit Reporting Act when it failed to send him two copies of his credit file immediately when he requested them. Plaintiff alleges that the delay in getting these copies caused him damages in the form of "postage, emotional distress and worry". Equifax strongly denies these claims and has filed a motion for summary judgment.

Over the course of discovery in this seemingly simple case, Plaintiff has served Equifax with a mountain of discovery requests including multiple sets of interrogatories, multiple sets of document requests and multiple requests for admissions. Equifax has produced 1,256 documents to Plaintiff. It is telling that out of these 1,256 pages, the only two that Plaintiff attached to his Motion for Partial Summary Judgment were documents that he already had - the letters he sent to Equifax asking for a copy of his credit file. This demonstrates the grossly overbroad, burdensome and harassing nature of Plaintiff's

ATLLIB01 1649674.1

discovery requests in this case. Plaintiff's current motion is largely a continuation of this practice and it should be denied.

## II. ARGUMENT AND CITATION OF AUTHORITY

Plaintiff's Motion for Discovery Orders ("Plaintiff's Motion") mentions the following items: (1) Equifax initially could not locate Plaintiff's two letters written to request copies of his credit reports. Plaintiff already had copies of the letters himself. Equifax subsequently did locate and provide its copies of these letters to Plaintiff. (2) Equifax inadvertently produced five pages of documents (E0044, E0045, E0048, E0049 and E0050). These documents are not part of Equifax's manuals and Equifax withdrew its production of these pages, provided Plaintiff with an explanation for the withdrawal and has offered to permit two of its employees to be deposed in relation to the withdrawal of these documents and the off-line procedures of Equifax. (3) Equifax's alleged refusal to stipulate to "undisputed" facts proposed by Plaintiff. Equifax has stipulated to many facts as indicated in the Joint Statement of Facts filed by the parties. The remaining "facts" to which Plaintiff asks Equifax to stipulate are either irrelevant, wrong or otherwise objectionable (4) An affidavit of J. Anthony Love concerning what documents he received from Equifax and when. The Court has already ruled that VIP reports are privileged and, therefore, no such affidavit is necessary. (5) The correct name of a code to take files off-line.

Plaintiff's arguments on each of these items are meritless and his motion should be denied.

ATLLIB01 1649674.1

2

### A. Plaintiff's Two Letters

Plaintiff wrote to Equifax on two occasions to request a copy of his credit file. He was in possession of both of these letters and produced them in discovery himself. He also asked Equifax for copies. At first, Equifax was unable to locate its copies of the letters and, on that basis, denied that it had received them. Subsequently, Equifax located its copies of the letters and produced them to Plaintiff. It is unclear from Plaintiff's Motion exactly why this matter is raised except, perhaps, to make Equifax look bad since it could not locate the letters initially. Regardless, Equifax has produced the letters and admitted receiving them, all to Plaintiff's benefit.

### B. The "Lanette Fullwood" Documents

In response to one of Plaintiff's requests for copies of Equifax's manuals, Equifax inadvertently produced five pages captioned "VIP Report", "New Litigation", "Closed Litigation", "New Demands" and "Closed Demands".[1] After the documents were produced, it was determined in further consultations with Equifax that they were merely documents based on the handwritten notes of one of Equifax's employees, Lanette Fullwood, many years ago. Although some of the information in the documents is a correct statement of Equifax's procedures, other information is outdated and/or otherwise does not reflect the procedures that are in place. These documents were never intended to be a complete and accurate description of Equifax's policies and procedures with respect to litigation nor were they intended to be used to train employees. (*See* Affidavit of Alicia Fluellen, a copy of which is attached hereto as Exhibit A. The original is attached

to Equifax's Memorandum in Opposition to Plaintiff's Motion for Leave to File Supplemental Objections Magistrate Judge's Orders, filed contemporaneously herewith). Further, Equifax has since agreed to make Ms. Fullwood available for deposition on these pages. It has also agreed to make a 30(b)(6) witness available to testify on the issue of Equifax's off-line procedures in cases involved in litigation. Equifax has provided proposed dates for these depositions, but has not heard back from Plaintiff as to whether he intends to take the depositions or not.

### C. Plaintiff's Request That Equifax Stipulate to His Proposed Facts

Plaintiff and Equifax worked long and hard to reach an agreement on what facts would be included in the Joint Statement of Facts that has been filed with the Court. Both sides presented some proposed facts that the other side was not willing to agree to. Now, Plaintiff is asking the Court to force Equifax to agree to all of his proposed facts. This is unreasonable. The "facts" that Plaintiff requests Equifax to stipulate to are objectionable and/or simply wrong. Numbers 1,2,3,6,8 and 16 are not relevant to any of the claims of Plaintiff in this case. Numbers 4,5,7 and 9 – 15 are simply inaccurate statements. With respect to the second set of four separately numbered requests in Plaintiff's Motion that concern credit scoring, Equifax is unable to admit these requests since it does not create the credit scoring model nor establish the lending criteria of third party creditors. Equifax has explained this to Plaintiff's Counsel repeatedly.

Plaintiff simply cannot force Equifax to stipulate or agree to things that are wrong or which Equifax does not know.

---

[1] Equifax has filed, contemporaneously with the present memorandum, its Memorandum in Opposition to Plaintiff's Motion for Leave to File Supplemental Objection to Magistrate Judge's Orders which contains a

### D. Affidavit of J. Anthony Love

Equifax previously agreed to produce an affidavit of one of its outside attorneys, John Friedline, concerning what documents concerning Plaintiff he received from Equifax and when. This was at a point in time when (a) Equifax had not yet located the two letters from Plaintiff and (b) the Court had not yet ruled on the discoverability of Equifax's VIP reports. The Friedline affidavit was provided and Equifax subsequently produced the two letters from Plaintiff. The Court also ruled that VIP reports were not discoverable since they were privileged. (*See*, Ruling Following *In Camera* Review, dated November 13, 2003; Doc. 41). In light of the Court's ruling concerning VIP reports, there is no reason for any further affidavits on these documents since they are privileged anyway.

### E. The Off-Line Code

Equifax uses a code – Code 6 – to take files off-line. In its discovery responses, it initially misidentified this as code 229 and then code Q. Why this matters to Plaintiff is unclear. The code is what it is. Code 6 is the code used to take files off-line. Equifax has no documents that explain this code in any further detail. If he chooses, Plaintiff may clarify this in a deposition of Equifax on the off-line procedures.

### III. CONCLUSION

Plaintiff's Motion should be denied. Equifax has offered Plaintiff two depositions to cover the Fullwood Documents and the off-line procedures. The rest of his Motion is meritless. His request for additional time to conduct further discovery and name an expert should also be denied (except to the two depositions referenced above). The only

---

more detailed history of the request for and production of the Fullwood Documents.

reason Plaintiff wants an expert appears to be on the issue of credit scoring. Plaintiff should have retained such an expert long ago and nothing prevented him from doing so.

For these reasons, Plaintiff's motion should be denied.

This 4th day of February, 2004.

Respectfully submitted,

EQUIFAX INFORMATION
SERVICES LLC

By: _____
J. Anthony Love, Esq. ct20053
Georgia Bar No. 459155
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500

Eric D. Daniels, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DISCOVERY ORDERS by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

>Joanne S. Faulkner, Esq.
>123 Avon Street
>New Haven, Connecticut 06511

Dated: February 4, 2004.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Case No. 3:03CV253(JBA) <br> ) <br> ) <br> ) <br> ) February 4, 2004 <br> ) |

### AFFIDAVIT OF LANETTE FULLWOOD

STATE OF GEORGIA    )
                    )
COUNTY OF FULTON    )

LANETTE FULLWOOD, being duly sworn, deposes and states as follows:

1. I am an employee of Equifax Information Services, LLC ("Equifax"), one of the defendants in the above-referenced action. I am over 21 years of age, competent to testify as to the matters set forth herein, and authorized to execute this affidavit on behalf of Equifax.

2. The documents that Equifax produced in this case captioned "New Litigation", "Closed Litigation", "New Demands", "Closed Demands" and "VIP Reports" are documents that I created from handwritten notes I made in 1998 concerning various issues. When they were prepared, they were intended to remain confidential.

FURTHER AFFIANT SAYETH NOT.

This 4th day of February, 2004.

*/s/ Lanette Fullwood*
Lanette Fullwood

ATLLIB01 1656284.1

**EXHIBIT A**

Sworn and subscribed before me
this 4th day of February, 2004.
and notarized the same date.

_____
NOTARY PUBLIC

My Commission Expires:

D. MARTIN  NOTARY PUBLIC
COBB COUNTY, GA
MY COMMISSION
EXPIRES 10/18/06

ATLLIB01 1656284.1

-2-