IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:03CV253(JBA) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| | ) February 2, 2004 |
| Defendant. | ) |

## AMENDED AND SUPPLEMENTAL AFFIDAVIT OF J. ANTHONY LOVE

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| COUNTY OF FULTON | ) |

J. Anthony Love, being duly sworn, deposes and says:

1. I am an attorney with the firm of Kilpatrick Stockton LLP, which has an office at 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309. I am licensed to practice in Georgia and admitted *pro hac vi*ce in this case as Counsel for Defendant Equifax Information Services LLC. I make this affidavit in support of Equifax's Motion for Summary Judgment in this action. I have personal knowledge of the matters contained herein and am otherwise competent to make this affidavit.

2. After receiving my original affidavit in this case, Plaintiff's Counsel sent me two e-mails that she apparently sent to me previously during the course of this litigation and asked that I amend my affidavit to reflect these e-mails as well. Although I searched my extensive e-mails from Plaintiff's Counsel prior to submitting my original affidavit, I did not locate these two and did not have any recollection of receiving them. This amended and supplemental affidavit incorporates these two e-mails.

ATLLIB01 1645028.1

3. Plaintiff filed a previous lawsuit against Equifax ("Spector I"). During the pendency of that lawsuit, on January 9, 2003, I received an e-mail from plaintiff's counsel advising me that she had a new "slam dunk" claim against Equifax because her client had been "denied credit based on an Equifax report" and because his "request for a copy of his report had been ignored." She did not ask me to provide her or him a copy of his credit file. Rather, she offered to include those claims in a settlement of Spector I or to bring a separate lawsuit based upon them. Equifax declined to pay the amount she was seeking to settle the instant claims. (Attached hereto as Exhibit "A" is a copy of the e-mail).

4. On January 13, I responded to plaintiff's counsel's January 9 e-mail. Consistent with Equifax policies, I told her as follows:

> When did he ask for his credit report? Give me a break. You know that all you have to do is ask me and I will send you one. Do you want me to send you one?

(Attached hereto as Exhibit "B" is a copy of the e-mail). Plaintiff's Counsel responded to this e-mail on the same day and stated that:

> "I know that you would send me a report. However, you are not entitled to it or see it. Neither am I. So I am not asking or authorizing you to do so." (A copy of this e-mail is attached hereto as Exhibit "C").

5. Shortly after I received plaintiff's counsel's January 9 e-mail, I learned from the Office of Consumer Affairs at Equifax that it had no record of a disclosure request from plaintiff, although we have since learned that such a request was received on or before December 20. Under Equifax's standard procedures with respect to the "off-line" files of plaintiffs, the Office of Consumer Affairs should have been made aware of plaintiff's request and should have told me about it.

6. Then, on February 3, 2003, I received another e-mail from plaintiff's counsel again inquiring whether we would settle "all outstanding claims" of Mr. Spector. Again, she did not ask for a copy of his credit file, instead threatening to file her "slam-dunk suit" within a few days. I replied the same day, telling plaintiff's counsel that Equifax had "no record" of her client's request (which I believed to be true) and pointing out her failure to let me know when and how he made his request. (Attached hereto as Exhibit "D" is a copy of the e-mail).

7. I received no response to my February 3 e-mail. Plaintiff's counsel made good on her threat, however, by filing this suit ("Spector II") on February 10, 2003. On February 13, 2003, Plaintiff's Counsel sent me an e-mail copy of the new suit. Her e-mail included a request that her client's credit report be sent directly to him. (A copy of this e-mail is attached hereto as Exhibit "E").

8. Spector I was settled on March 4, 2003. One of the terms of the settlement agreement was that Equifax would provide Plaintiff with a current copy of his credit file and, if he had any further disputes, he would advise Equifax accordingly.

9. On March 10, 2003, I sent Plaintiff's counsel a current copy of Plaintiff's credit file by overnight mail. (Attached hereto as Exhibit "F" is a copy of the transmittal letter).

10. On March 12, 2003, Plaintiff's Counsel sent me an e-mail with several disputes concerning the contents of the March 7, 2003 report that I had provided to her.

11. Equifax made the requested changes and sent Plaintiff's Counsel an updated copy of the report on March 17, 2003. (Attached hereto as Exhibit "G" is a copy of the

transmittal letter). I heard nothing from plaintiff's counsel about any inaccuracies in this updated version of his report.

12.    This Court dismissed <u>Spector I</u> on March 26, 2003, pursuant to the settlement.

13.    Only the claims of <u>Spector I</u> were settled.

14.    Plaintiff sent a certified letter to Equifax on May 7, 2003 requesting a copy of his credit file. (Joint Statement of Facts, para. 24). Although I do not know when, this letter eventually made its way to me and I instructed Equifax to send the disclosure directly to Mr. Spector. Equifax did so on or about July 16, 2003.

15.    In late August, plaintiff's counsel brought to my attention some additional items on his July 16 report that he claimed were inaccurate. (Interestingly, several of the items disputed at this point were also on his March reports, but not disputed at that time.) I forwarded these disputes directly to Equifax for handling.

16.    After investigating plaintiff's additional disputes, Equifax sent him another copy of his report in September, 2003.

This 30th day of January, 2004.

FURTHER AFFIANT SAYETH NOT.

_____
J. Anthony Love

Sworn to and subscribed before
me this 30th day of January, 2004.

_____
Notary Public

```
-----Original Message-----
From: Joanne Faulkner [mailto:j.faulkner@snet.net]
Sent: Thursday, January 09, 2003 8:32 AM
To: Love, Tony
Subject: Wm spector v. Equifax
```

We now have a slam dunk 1681j(b and 1681g claim against Equifax. William was denied credit based on an Equifax report. His request for a copy of his report has been ignored.

So, we can bring another suit, or we can settle all claims in this one for ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Joanne Faulkner
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net

**EXHIBIT A**

1

## Love, Tony

**From:** Love, Tony
**Sent:** Monday, January 13, 2003 2:18 PM
**To:** 'Joanne Faulkner'
**Subject:** RE: Wm spector v. Equifax

I was out sick all last week after I got back from Hartford. I guess the cold and snow finished me off (I was fighting a clod when I went). I will try to get to this late this week or early next week. When did he ask for his credit report? Give me a break. You know that all you have to do is ask me and I will send you one. Do you want me to send you one?

**EXHIBIT B**

1

```
----- Original Message -----
From: "Joanne Faulkner" <j.faulkner@snet.net>
To: "Love, Tony" <ToLove@KilpatrickStockton.com>
Sent: January 13, 2003 3:20 PM
Subject: Re: Wm spector v. Equifax


> I thought you sounded "cold-ish" when you were here. The plane ride never
> helps either.
>
> I know that you would send me a report. However, you are not entitled to get
> it or see it. Neither am I. So I am not asking OR authorizing you to do so.
>


---
Outgoing mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.572 / Virus Database: 362 - Release Date: 1/27/04
```

**EXHIBIT C**

1

Love, Tony

**From:** Joanne Faulkner [j.faulkner@snet.net]
**Sent:** Monday, February 03, 2003 8:30 AM
**To:** Love, Tony
**Subject:** Wm spector v. Equifax

Please let me know if we can settle all outstanding claims of Wm Spector.
If not, I will be filing his second slam-dunk suit this Friday.

Joanne Faulkner
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net

**EXHIBIT D**

1

```
----- Original Message -----
From: "Joanne Faulkner" <j.faulkner@snet.net>
To: "Love, Tony" <ToLove@KilpatrickStockton.com>
Sent: February 13, 2003 9:25 AM
Subject: Spector v .Equifax


> Heads up, here is the next suit.
> If you want to settle them both for ▮▮▮▮▮ by the end of this month, I
will
> recommend it.
> Please see that a copy of his credit report is sent to him, not to you or
> me. I will let you know of any errors.
>
> Joanne Faulkner
> 123 Avon Street
> New Haven CT 06511
> (203) 772-0395
> .j.faulkner@snet.net
>


---

File has not been scanned

Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.572 / Virus Database: 362 - Release Date: 1/27/04
```

**EXHIBIT E**

1


KILPATRICK STOCKTON LLP

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

March 10, 2003

direct dial 404 815 6224
ToLove@KilpatrickStockton.com

**VIA FEDERAL EXPRESS**

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, Connecticut 06511

Re:   William Spector v. Equifax Information Services, LLC, et al.

Dear Joanne:

Enclosed please find a copy of your client's credit report to be attached as Exhibit A to the Settlement Agreement.

Very truly yours,

J. Anthony Love

JAL:smp
Enclosure

**EXHIBIT F**

ATLIB01 1418354.1
ATLANTA  AUGUSTA  CHARLOTTE  LONDON  RALEIGH  STOCKHOLM  WASHINGTON  WINSTON-SALEM



**KILPATRICK STOCKTON** LLP

Attorneys at Law

Suite 2800  1100 Peachtree St.
Atlanta GA 30309-4530
t 404 815 6500  f 404 815 6555
www.KilpatrickStockton.com

March 17, 2003

direct dial 404 815 6224
ToLove@KilpatrickStockton.com

**VIA FEDERAL EXPRESS**

Joanne S. Faulkner, Esq.
123 Avon Street
New Haven, Connecticut 06511

Re:   <u>William Spector v. Equifax Information Services, LLC, et al.</u>

Dear Joanne:

As you requested, enclosed please find an updated copy of your client's credit report to be attached as Exhibit A to the Settlement Agreement.

Please call if you have any questions.

Very truly yours,

J. Anthony Love

JAL:smp
Enclosure

**EXHIBIT G**