

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                              CASE NO. 3:03CV 253 (JBA)

EQUIFAX INFORMATION SERVICES, LLC            February 17, 2004

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE AFFIDAVITS

Plaintiff moves to strike parts of the Affidavits of J.A. Love, counsel for defendant, as inadmissible.

Counsel's Affidavit altered his previous factual position. Until recently, Equifax denied receiving either the plaintiff's December or May request for his consumer disclosure. Mr. Love signed documents pursuant to his Fed. R. Civ. P. 11(b) and 26(g)(1) obligations so asserting. Answer to Amended Complaint ¶8, 12 Doc. No. 30 (filed August 29, 2003); October 1 Response to Int. 20, signed by Mr. Love, attached.[1] Yet, both affidavits of counsel in support of summary judgment assert that Mr. Love had received the May request sometime before July 16, 2003. Ex. D ¶ 13; Doc. No. 73 ¶ 14.

A party cannot create an issue of fact by contradicting earlier sworn testimony. Buttry v. General Signal Corp., 68 F.3d 1488, 1493 (2d Cir. 1995); Wilson v. Westinghouse Elec. Corp., 838 F.2d 286, 289 (8th Cir. 1988); Martin v. Merrell Dow Pharmaceuticals, Inc., 851 F.2d 703, 706 (3d Cir. 1985). Similarly, counsel for defendant, an officer of the Court, should not be allowed to contravene his earlier signed assertions. It is unfortunate that Mr. Love felt the need to claim that he responded to the May request

---

[1] Counsel alerted Mr. Love to his October discovery response, inconsistent with his first affidavit, before he filed the Supplemental Aff. See e-mail of Jan. 29, 2004, redacted copy attached.

2

two months later in July, since such a belated response does not comply with the FCRA in any event.

In these circumstances, the Court can invoke Rule 56(g), Rule 11(c), Rule 26(g)(3), or its inherent power, to rectify matters. Defense counsel's testimony raises disqualification concerns under D. Conn. Local Civ. Rule 83.13. J.P. Foley & Co. v. Vanderbilt, 523 F. 2d 1357 (2d Cir. 1975).

At the very least, the specified portions of the Love Affidavits should be stricken and not considered.

Settlement discussions. Attorney Love's first Affidavit (significantly retracted for factual errors) included extensive discussion of settlement negotiations in a prior case. Despite being alerted to the impropriety of using settlement negotiations as evidence, Mr. Love did not retract any part of his settlement discussions. Fed. R. Civ. P. 408. An attorney should know that such discussions are inadmissible. See also Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 980-81 (6th Cir. 2003) (communications in furtherance of settlement are privileged and not discoverable), and cases cited therein; Thornton v. Syracuse Savings Bank, 961 F.2d 1042, 1046 (2d Cir. 1992) (settlement agreements are not discoverable); Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co. of Chicago, 834 F.2d 677, 684 (7th Cir. 1987) (settlement negotiations are not discoverable, because such discovery would give a party information about an opponent's strategy); Centillion Date Systems, Inc., v. Ameritech Corp., 193 F.R.D. 550, 552, n.1 (S.D.Ind. 1999) (in the settlement context, courts require a "particularized and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence"); Bottaro v. Hatton Associates, 96

F.R.D. 158, 160 (E.D.N.Y. 1982) (even under the broader pre-amendment discovery standard, strong public policy favoring settlements precludes discovery of settlement agreements absent showing a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement).

The only relevant part of the settlement discussions is the repeated notice they gave Equifax of its noncompliance with the FCRA upon plaintiff's request for his file. Thus, from Doc. No. 73 (the Supplemental Affidavit of counsel), the Court should strike and not consider 3 (in part), 6 (in part), 7 (except for last sentence), 8-13. The parallel paragraphs of Ex. D should also be stricken. 2, 5 (in part), 6-12.

## CONCLUSION

Plaintiff's Motion to Strike should be granted.

THE PLAINTIFF

BY _____
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511
(203) 772-0395

This is to certify that the foregoing and attached was mailed on February 17, 2004, postage prepaid, to:

J. Anthony Love
Kilpatrick Stockton
1100 Peachtree St #2800
Atlanta GA 30309-4530

_____

4

Joanne S. Faulkner

INTERROGATORY NO. 19:

Set forth every step taken with regard to plaintiff's letter received by defendant on May 10, 2003, identifying the job description and employer of each person handling the letter, and each location (whether physical or electronic) of the letter each day on and after May 10, 2003.

RESPONSE: Defendant Equifax does not have a record of receiving the subject letter.

INTERROGATORY NO. 20:

Provide every reason why Equifax did not respond to the plaintiff's letter received by defendant on May 10, 2003, and identify each person made any decisions about handling the letter.

RESPONSE: Defendant Equifax does not have a record of receiving the subject letter.

This 1st day of October, 2003.

Respectfully submitted,

EQUIFAX INFORMATION SERVICES LLC

By: _____
J. Anthony Love, Esq. ct20053
Georgia Bar No. 459155
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500

Eric D. Daniels, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597

ATLLIB01 1579920.1

## Joanne Faulkner

**From:** "Joanne Faulkner" <j.faulkner@snet.net>
**To:** "Love, Tony" <ToLove@KilpatrickStockton.com>
**Sent:** January 29, 2004 7:07 PM
**Subject:** spector 2

You also might want to compare your affidavit that you had the disclosure sent as soon as you got the May request
with
the discovery responses to Int 19, 20 that you signed on Oct. 15.


Attorney Joanne Faulkner
123 Avon Street
New Haven CT 06511
(203) 772-0395
j.faulkner@snet.net



---
Outgoing mail is certified Virus Free.
Checked by AVG anti-virus system (http://www.grisoft.com).
Version: 6.0.572 / Virus Database: 362 - Release Date: 1/27/04

2/12/04