UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                                    CASE NO. 3:03CV 253 (JBA)

EQUIFAX INFORMATION SERVICES, LLC          February 17, 2004

PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT

There is no genuine issue of material fact as to the following:

1. Plaintiff believes defendant's self laudatory statement is not true, but it is not relevant or material to any issue in this case, is not admissible, and therefore does not comply with Fed. R. Civ. P. 56(e). Nor is the affiant in a position to have any knowledge of the statement's truth.

2. Admitted except for the unclear reference "this"

3. Admitted.

4. Admitted.

5. Admitted as a general statement. In identity theft and mixed file cases, for instance, the statement is not true, but those issues are not present in this case.

6. Admitted, except for the self-serving explanation in the final sentence, which is neither material nor relevant to this case. Neither this case nor the previous litigation involved a credit report that contained disputed or possible inaccurate information or identity theft. There was NO possible reason to take this plaintiff's file offline, and Equifax has never claimed otherwise.

7. Admitted, except as applied to the facts of this case, and without admitting the reasonableness of the policy. The general policy (a) was apparently not followed as to the

December 2002 request and (b) intentionally results in disclosure of a credit file to persons with no permissible purpose.

8. Admitted, but it is prejudicial, not relevant or material to any issue in this case, is not admissible, and therefore does not comply with Fed. R. Civ. P. 56(e).

9. Admitted but it is not relevant or material to any issue in this case, is not admissible, and therefore does not comply with Fed. R. Civ. P. 56(e).

10. Admitted, but it is not relevant or material to any issue in this case, is not admissible, and therefore does not comply with Fed. R. Civ. P. 56(e).

11 (First) Admitted, but it is not relevant or material to any issue in this case, is not admissible, and therefore does not comply with Fed. R. Civ. P. 56(e).

11. (Second) Admitted. A consumer does not have to hire counsel to get his credit report.

12. Admitted but it is not relevant or material to any issue in this case, is not admissible, and therefore does not comply with Fed. R. Civ. P. 56(e). There is no requirement for anyone to take extraordinary steps to obtain a file. Even had plaintiff tried to get his report for Citizen's Bank, there is no reason to believe he would have been more successful getting Equifax to provide his file to Citizen's than he was at getting his own file.

13. Admitted, without admitting the reasonableness of the procedure.

14. Admitted that on January 9, 2003, Equifax's counsel received emphatic and specific notice that plaintiff's "request for a copy of his report had been ignored," a serious violation of the FCRA. Otherwise Equifax's apparent regret at not having settled this case at that point is not admissible, not relevant or material to any issue in this case. Fed. R. Evid. 408 specifies "evidence of conduct or statements made in compromise negotiations is likewise not admissible." Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 980-

81 (6th Cir. 2003) (communications in furtherance of settlement are privileged), and cases cited therein; Thornton v. Syracuse Savings Bank, 961 F.2d 1042, 1046 (2d Cir. 1992) (settlement agreements are not discoverable); Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co. of Chicago, 834 F.2d 677, 684 (7th Cir. 1987) (settlement negotiations are not discoverable, because such discovery would give a party information about an opponent's strategy); Centillion Date Systems, Inc., v. Ameritech Corp., 193 F.R.D. 550, 552, n.1 (S.D.Ind. 1999) (in the settlement context, courts require a "particularized and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence"); Bottaro v. Hatton Associates, 96 F.R.D. 158, 160 (E.D.N.Y. 1982) (even under the broader pre-amendment discovery standard, strong public policy favoring settlements precludes discovery of settlement agreements absent showing a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement).

15. Admitted, except denied as to the last paragraph which Mr. Love has retracted. Doc. No. 73 ¶ 4.

16. Admitted, without admitting the reasonableness of the procedure.

17. Admitted that on February 3, 2003, Equifax's counsel again received emphatic and specific notice that plaintiff's request for a copy of his report was still being ignored, a serious violation of the FCRA. Otherwise Equifax's apparent regret at not having settled this case at that point is not admissible, not relevant or material to any issue in this case. Fed. R. Evid. 408.

18. Admitted, but not admissible, not relevant or material to any issue in this case. Fed. R. Evid. 408 specifies "evidence of conduct or statements made in compromise negotiations is likewise not admissible." Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332

3

F.3d 976, 980-81 (6th Cir. 2003) (communications in furtherance of settlement are privileged), and cases cited therein; Thornton v. Syracuse Savings Bank, 961 F.2d 1042, 1046 (2d Cir. 1992) (settlement agreements are not discoverable); Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co. of Chicago, 834 F.2d 677, 684 (7th Cir. 1987) (settlement negotiations are not discoverable, because such discovery would give a party information about an opponent's strategy); Centillion Date Systems, Inc., v. Ameritech Corp., 193 F.R.D. 550, 552, n.1 (S.D.Ind. 1999) (in the settlement context, courts require a "particularized and/or heightened showing that the settlement information sought is relevant and likely to lead to admissible evidence"); Bottaro v. Hatton Associates, 96 F.R.D. 158, 160 (E.D.N.Y. 1982) (even under the broader pre-amendment discovery standard, strong public policy favoring settlements precludes discovery of settlement agreements absent showing a likelihood that admissible evidence will be generated by the dissemination of the terms of a settlement agreement).

19. Admitted, but not relevant or material to any issue in this case and therefore inadmissible within Rule 56.

20. Admitted.

21. Admitted that plaintiff contacted Gulf; otherwise denied as inadmissible hearsay; denied since the account had never been closed.

22. Inadmissible hearsay; denied since the account had never been closed.

23. The first sentence is admitted. The second is denied since the account had never been closed. The paragraph is not relevant or material to any issue in the case and is therefore inadmissible within Rule 56.

24. Admitted except for "after the Plaintiff's telephone call" as to which there is no admissible evidence.

25. Admitted.

26. The first and last sentences are admitted. Since the account was never closed, the second sentence is denied. See ¶ 23 above.

27. Admitted that Equifax's counsel does not know when the May 2003 letter eventually made its way to him. The balance is denied and has been largely retracted. Doc. No. 73 ¶ 14. It is clear from counsel's signature on the October 1, 2003, discovery request (copy attached) that counsel still thought the May 2003 letter had not been received, so the fact that Equifax sent a copy of his report to plaintiff on July 16, 2003 had nothing to do with counsel's receipt of the letter from Equifax. It resulted from a settlement conference of July 10 at which plaintiff brought up the May request and Equifax's failure to respond. Plaintiff's Affidavit Feb. 2004.

28. Admitted, except for the superfluous commentary in parenthesis.

29. Inadmissible conclusory hearsay statement of intent and irrelevant to the standards for reckless indifference. Dalton v. Capital Associated Industries, Inc., 257 F.3d 409, 418 (4th Cir. 2001) (defendant was on notice of error but disregarded it).

ISSUES REMAINING TO BE TRIED:

Reasonableness of the offline procedures

Actual, statutory and punitive damages resulting from noncompliance with mandatory obligations under the FCRA despite repeated notice.

5

THE PLAINTIFF

BY /s/ Joanne S. Faulkner
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing and attached was mailed on February 17, 2004, postage prepaid, to:

J. Anthony Love
Kilpatrick Stockton
1100 Peachtree St #2800
Atlanta GA 30309-4530

/s/ Joanne S. Faulkner
Joanne S. Faulkner

INTERROGATORY NO. 19:

Set forth every step taken with regard to plaintiff's letter received by defendant on May 10, 2003, identifying the job description and employer of each person handling the letter, and each location (whether physical or electronic) of the letter each day on and after May 10, 2003.

**RESPONSE:** Defendant Equifax does not have a record of receiving the subject letter.

INTERROGATORY NO. 20:

Provide every reason why Equifax did not respond to the plaintiff's letter received by defendant on May 10, 2003, and identify each person made any decisions about handling the letter.

**RESPONSE:** Defendant Equifax does not have a record of receiving the subject letter.

This 1st day of October, 2003.

Respectfully submitted,

EQUIFAX INFORMATION SERVICES LLC

By: _____
J. Anthony Love, Esq. ct20053
Georgia Bar No. 459155
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500

Eric D. Daniels, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597

ATLLIB01 1579920.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                          CASE NO. 3:03CV 253 (JBA)

EQUIFAX INFORMATION SERVICES, LLC           February, 2004

PLAINTIFF'S SUPPLEMENTAL AFFIDAVIT

Wiliam Spector, pursuant to 28 U.S.C. §1746, affirms as follows:

1. I am the plaintiff in this action.

2. On July 10, at a settlement conference in this case, I showed those present a copy of my May 7, 2003, request for my consumer disclosure and the return receipts showing that my May 7, 2003, request was delivered to Equifax's post office box on May 9, 2003, and signed for as received on May 10, 2003.

3. I told them I had not received any response to my request.

I certify under penalty of perjury that the foregoing is true and correct. Executed on February 13, 2004.

_____
William Spector

This is to certify that the foregoing was emailed on **February 17, 2004**, postage prepaid, to:

J. Anthony Love
Kilpatrick Stockton
1100 Peachtree St #2800
Atlanta GA 30309-4530

_____
Joanne S. Faulkner