IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:03CV253(JBA) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| | ) February 17, 2004 |
|     Defendant. | ) |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
<u>LOCAL RULE 56(a)2 STATEMENT</u>**

Equifax herein responds to plaintiff's Local Rule 56 (a)1 Statement. By stipulating to or not disputing certain of plaintiff's facts, Equifax does not concede their materiality or relevance.

1. Stipulated.
2. Stipulated.
3. Stipulated.
4. Stipulated.
5. Stipulated.
6. Stipulated.
7. Stipulated.
8. Stipulated.
9. Not disputed, but immaterial.
10. Not disputed, but immaterial.
11. Not disputed, but immaterial.

12. Not disputed, but immaterial.

13. Not disputed, but immaterial.

14. Not disputed, but immaterial.

15. Not disputed, but immaterial.

16. Not disputed, but immaterial.

17. Stipulated.

18. Stipulated.

19. Stipulated.

20. Equifax does not dispute that its operator in Jamaica redirected Mr. Spector's request to its Office of Consumer Affairs, as was proper. Such redirection is pursuant to policy, however, not because of any failed attempt to process a request, as plaintiff appears to suggest. Document E1139 evidences the operator's intention to redirect the request but does not evidence any failed attempt.

21. Stipulated.

22. Equifax stipulates that Gulf Oil sent plaintiff an adverse action letter. Equifax denies, however, that any adverse action by Gulf Oil occurred as a result of "information in a credit report from Equifax," as plaintiff appears to contend, because Gulf Oil did not receive a credit report on plaintiff or any information about plaintiff from Equifax except that his file was unavailable. Gulf Oil's hearsay letter is insufficient evidence on which to base any contrary contention. Plaintiff (see #23 below) appears to agree that Gulf Oil did not receive plaintiff's credit report.

23. Stipulated.

24. Stipulated.

25. Stipulated.

26. Stipulated.

27. Stipulated.

28. Stipulated.

29. Stipulated.

30. Not disputed, but immaterial.

31. Stipulated.

32. Stipulated.

33. Stipulated.

34. Stipulated.

35. Stipulated.

36. This is not a proposed stipulation of fact and therefore requires no response from Equifax. In any event, the documents to which plaintiff refers do not contain accurate or complete information about defendant's procedures. These are the "Lanette Fullwood" documents explained in defendant's "Memorandum in Opposition to Plaintiff's Motion for Leave to file Supplemental Objection to Magistrate Judge's Orders," filed on or about February 4, 2004, and the Affidavits of Lanette Fulwood and Alicia Fluellen, filed contemporaneously therewith.

3

This 17th day of February, 2004.

        Respectfully submitted,

        EQUIFAX INFORMATION
        SERVICES LLC

        By:_____/s/_____
           Eric D. Daniels, Esq.
           Robinson & Cole LLP
           280 Trumbull Street
           Hartford, Connecticut  06103-3597

           J. Anthony Love, Esq. ct20053
           Georgia Bar No. 459155
           Kilpatrick Stockton LLP
           1100 Peachtree Street, Suite 2800
           Atlanta, Georgia  30309
           (404) 815-6500

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S LOCAL RULE 56(a)2 STATEMENT by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

Joanne S. Faulkner, Esq.<br>
123 Avon Street<br>
New Haven, Connecticut  06511

Dated:  February 17, 2004.

              ___/s/_____