IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EQUIFAX INFORMATION SERVICES )<br>LLC, )<br>)<br>Defendant. ) | Case No. 3:03CV253(JBA)<br><br>February 17, 2004 |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
<u>RESPONSE IN OPPOSITION TO PLAINTIFF'S PARTIAL MOTION FOR
SUMMARY JUDGMENT</u>**

Fatal to Mr. Spector's Motion for Partial Summary Judgment – and, indeed, to his entire case – is his complete failure to prove that he suffered any compensable damages as a result of Equifax's conduct in this matter. Plaintiff's motion should be denied, and Equifax's own motion for summary judgment should be granted,[1] for this reason alone.

Plaintiff has apparently abandoned his claims that Equifax violated the Fair Credit Reporting Act by not providing creditors with a copy of his credit report during the time that it was "off-line" and by providing its attorneys with his credit file for their use in defending this lawsuit. Therefore, Equifax addresses herein only Mr. Spector's claim that Equifax is liable for its alleged failure to provide plaintiff with copies of his consumer disclosure upon request.

---

[1] Equifax moved this Court for summary judgment on or about January 15, 2004. Equifax incorporates by reference in this opposition to plaintiff's motion its memorandum of law, including all attachments, filed in connection with that motion.

ATLLIB01 1663618.1

The Fair Credit Reporting Act is not a strict liability statute.[2]  To prevail on his claim, plaintiff must prove either willfulness or negligence on the part of Equifax.  Here, he cannot prove willfulness because there was no willful failure to provide Mr. Spector with his consumer disclosure upon his request.  Although Equifax concedes that it made mistakes in handling Mr. Spector's requests, those mistakes are simply that:  mistakes.  They did not arise from any intentional act or from any policy or procedure at Equifax; indeed, the undisputed evidence shows that Equifax's policy is to provide all consumers with a copy of their disclosures promptly, including those consumers with whom Equifax is engaged in litigation.[3]  Here, on two occasions, that did not happen.  These mistakes, however, are a far cry from willfulness.

A plaintiff cannot recover "nominal" damages under the FCRA.  Absent willfulness, a finding of which is necessary for the imposition of statutory damages, Mr. Spector can recover only his actual damages, which do not exist.  His affidavit in support of his motion for partial summary judgment does not mention any damages.  His brief in support of his motion contains no reference to any actual damages.  The only evidence in this entire case of any "injury" to Mr. Spector is contained in his deposition testimony and in his response to interrogatories.[4]  He claims therein to have suffered damages for "postage,[5] emotional distress and worry,"

---

[2] Cahlin v. Gen'l Motors Acceptance Corp., 936 F.2d 1151, 1156 (11th Cir. 1991).
[3] See "Memorandum in Support of Defendant Equifax Information Services LLC's Motion for Summary Judgment" (hereinafter "Equifax Memorandum") and Affidavits of Alicia Fluellen and Anthony A. Love, filed concurrently therewith on or about January 15, 2004.
[4] See Exhibits B and G to the Equifax Memorandum.
[5] Mr. Spector twice mailed Equifax a request for his disclosure—first by regular mail in December 2002 and second, presumably by his own election, by certified mail in May 2003.

2

"inconvenience," "some sleepless nights," "just anxiety," and "maybe annoyance."[6] As explained in Equifax's Memorandum, pages 15-20, these allegations are legally insufficient to support a claim of compensable injury.

The fact that Mr. Spector seeks only partial summary judgment, "as to liability alone,"[7] does not change the conclusion that he has failed to prove his case. Mr. Spector apparently confuses the legal concepts of "negligence" and "liability." Without actual damages, Equifax is not liable, whether it was "negligent," "negligent per se," or neither. There is no legal concept under the FCRA of negligence in the abstract that entitles plaintiff to recover anything; rather, to make out his prima facie case, he must not only plead but prove actual damages. Otherwise, Equifax is not liable for negligence, even assuming that its conduct in this case amounts to negligence as a matter of law, which Equifax denies.

In Hauser v. Equifax, Inc., the United States Court of Appeals for the Eighth Circuit faced a similar situation.[8] There, in affirming the district court's decision to direct a verdict in favor of Equifax, the Eighth Circuit recognized that Equifax had failed to disclose to plaintiff, upon his request, certain information.[9] Equifax apparently maintained information on plaintiff in two separate files at that time and, because the files were stored separately and not cross-referenced, one was disclosed but not the other.[10] The Eighth Circuit noted as follows:

> We hold there was insufficient evidence to support a finding of
> willful noncompliance with the Act's disclosure requirement,

---

[6] Interrogatory Response No. 8; Spector Depo. at 44-46. (Exhibits B and G to Equifax Memorandum.)
[7] Memorandum in Support of Plaintiff's Motion for Partial Summary Judgment at 1.
[8] 602 F.2d 811 (8th Cir. 1979).
[9] 602 F.2d at 817. This case did not involve Equifax's "off-line" policy at all.
[10] Id. See also 602 F.2d at 818.

3

> but that a permissible inference of negligence may be drawn. However, there is no evidence of damage to Hauser as a result of the incomplete disclosure.[11]

Because Mr. Hauser had proved no damages resulting from defendant's conduct, there was no liability even in the presence of a "permissible inference of negligence."

In <u>Hauser</u>, plaintiff claimed to have suffered "mental and emotional distress" as a result of certain inaccuracies in his report.[12] Although it is not clear that this claim extended to his failure to receive a disclosure, the Court nevertheless found the record in that case to be "devoid of any evidence of such damage."[13] Here, too, the record is devoid of any evidence of actual damage to Mr. Spector – his mere conclusory mouthing of the term "emotional distress" does not provide such evidence.

In <u>Middlebrooks v. Retail Credit Co.</u>, 416 F. Supp. 1013 (N.D. Ga. 1976), a husband and wife sued the consumer reporting agency for alleged "willful and negligent violations" of the FCRA. In granting summary judgment to defendant, the court there considered the wife's claim that the agency maintained a file on her but denied the existence of that file and failed to disclose the information contained therein upon request.[14] The court concluded that the agency did indeed have information about Mrs. Middlebrooks even though the information was contained in a file on her husband, which had been provided to her on several occasions.[15] "Accordingly, we conclude that defendant has not committed any violations of the

---

[11] 602 F.2d at 817.
[12] <i>Id</i>. at 816.
[13] <i>Id</i>.
[14] 416 F.Supp at 1018.
[15] <u>Id</u>.

disclosure provisions of the Act with respect to Mrs. Middlebrooks."[16] Similarly, here, while Equifax did not promptly provide Mr. Spector his disclosure upon his request, he nevertheless received no fewer than three copies of that disclosure during the relevant period of time. Whether provided in response to his requests or for some other reason, he nevertheless received these documents.

Plaintiff insists in his brief that Equifax's intentional "off-line" policy caused the problems with his disclosure. It did not. This policy has worked in thousands of cases over the years. Rather, here, human error in *following* the policy created the problems. Even if these errors could support a finding of negligence as a matter of law, which they cannot, they do not equate to a finding of liability. Again, for liability to attach, Plaintiff must have been injured, and he was not. Plaintiff's motion should be denied in its entirety.

This 17th day of February, 2004.

Respectfully submitted,

EQUIFAX INFORMATION
SERVICES LLC

By:____/s/_____
Eric D. Daniels, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut  06103-3597

J. Anthony Love, Esq. ct20053
Georgia Bar No. 459155
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309
(404) 815-6500

---

[16] Id.

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

Joanne S. Faulkner, Esq.<br>
123 Avon Street<br>
New Haven, Connecticut  06511

Dated:  February 17, 2004.

                ___/s/_____