UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
FEB 24  3 03 PM '04
U.S. DISTRICT COURT
NEW HAVEN CT

WILLIAM SPECTOR

v.                                              CASE NO. 3:03CV0253 (JBA)

EQUIFAX INFORMATION SERVICES, LLC          February 24, 2004

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION
## FOR PARTIAL SUMMARY JUDGMENT AS TO LIABILITY

Defendant's first line of defense to its violations of the FCRA, §1681g and §1681j(b) was to deny that it ever received either of plaintiff's requests for disclosure of his credit file. Defendant has recently located both requests. Its current defense is "mistake" (Def. Mem. at 2) but it does not describe the circumstances constituting "mistake" with particularity as mandated by Fed. R. Civ. P. 9(b).

**Defendant's failure was deliberate.** A mistake might occur once, but this "mistake" happened twice. In fact, it happened five times. Its attorney's Affidavits now admit that Equifax also did not provide the disclosures on other occasions, even after specific and repeated notice that plaintiff's own requests had not been fulfilled. Equifax (through counsel) consciously disregarded notices of Jan 9, 2003, and Feb. 3, 2003, that plaintiff had requested but not received his credit file in December. Equifax did not send plaintiff his credit file despite those follow-up notices. Nor did Equifax send plaintiff his file in response to a very specific request (through counsel) of Feb. 13, 2003. Love Affs. Doc. No. 65 Ex. D ¶¶ 2, 5; Doc. No. 73, ¶¶ 3, 6, 7.

Equifax did not send plaintiff's consumer disclosure to him despite his own two requests and counsel's three follow-ups. Repeated violation of the FCRA is at least negligent

per se as asserted in the opening brief. Plaintiff now contends that it is indisputable that defendant acted willfully within the FCRA.

First, the offline policy that resulted in the repeated violations was adopted intentionally. Second, Equifax was repeatedly put on notice of the disclosure request (through counsel), and still did not provide the disclosures.

Third, compounding its repeated failure to provide disclosures to plaintiff, Equifax admits it willingly also would have violated the FCRA by sending the plaintiff's file to his counsel – even though plaintiff's counsel had no permissible purpose! Equifax's attorney claimed that if plaintiff's counsel had responded to his Jan. 13 offer to send plaintiff's file to his counsel, Equifax would have sent the disclosure to plaintiff's counsel. Love Aff. Ex. D ¶ 3 and Ex. C thereto. There was and is no permissible basis for either Equifax's or plaintiff's counsel to receive a copy of plaintiff's disclosure, yet Equifax was willing to disregard the express limitations of the FCRA, 15 U.S.C. § §1681b (permissible purpose for disclosing private and confidential consumer files).

Fourth, further compounding the violation is the attempt to cover up one of the violations by claiming that counsel directed a response to the plaintiff's May request even though the documents show that Equifax persistently denied even receiving the May request (until recently). Finally, Equifax shrugs off its obligations by claiming that it makes no difference that Equifax violated the law since plaintiff got a copy of his disclosure, even if for some other reason. Def. Mem. at 5.

Equifax's repeated failures show, at the very least, that its procedures are not reasonable as a matter of law. Repeated failure to send plaintiff his credit report falls well below the standards required by the FCRA. It rises to the level of reckless indifference for the

2

purpose of punitive damages. McMillan v. Equifax Credit Inf. Services, Inc., 170 F. Supp. 2d 278 (D. Conn. 2001); Dalton v. Capital Associated Industries, Inc., 257 F.3d 409, 418 (4th Cir. 2001) (defendant was on notice of error but disregarded it); Donovan v. Carls Drug Co., 703 F.2d 650, 652 (2d Cir. 1983) (an act is willful when the entity knows it is subject to a statute and its practices do not conform to the statute, except when Congress enacts a good faith defense).

Damages. Plaintiff moved for summary judgment on liability alone, with no effort to show damages. Yet, Equifax claims that defendant did not show damages. Def. Mem. at 2-5. That attack is consistent with its indifference, demonstrated by this case, towards compliance with the FCRA. In effect, Equifax says, "So what if we didn't comply?" Plaintiff had some expense – he sent the May request by certified mail since Equifax claimed that the December request had never arrived. That satisfies the economic damages requirement of the FRCA, and the "ascertainable loss" requirement of CUTPA. No one can predict how the jury will value plaintiff's frustration at having his legal right to a copy of his report repeatedly flouted.

Plaintiff submits that damages are a jury question. He believes that both negligence and willfulness have been established as a matter of law.

## CONCLUSION

Summary judgment should enter for plaintiff on Equifax's multiple violations of the mandatory disclosure requirements of §§ 1681g(a) and §1681j for both negligent and willful violations. The amount of actual and punitive damages and the reasonableness of the offline procedure are jury questions.