IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED '04

| | |
|---|---|
| WILLIAM SPECTOR, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 3:03CV00253 (JBA) |
| ) | |
| v. ) | |
| ) | |
| EQUIFAX INFORMATION SERVICES, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | MARCH 2, 2004 |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S REPLY IN
SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiff's response to Equifax' motion for summary judgment further demonstrates that (1) Plaintiff has suffered no actual damages or "ascertainable loss" as a result of not receiving a copy of his credit report each time he requested it; (2) Plaintiff has no evidence to rebut the fact that Equifax does have a policy and procedure in place to provide consumer disclosures to consumers when their files are off-line as a result of litigation and (3) Equifax's policy, while it may not have worked perfectly in this case, is reasonable. Since Plaintiff can neither satisfy this essential element of his claim nor counter Equifax's evidence with anything more than the conclusory, unsupported arguments of his counsel, Equifax is entitled to summary judgment.

## I. Damages are an Essential Element of an FCRA Claim

Plaintiff's response reinforces the fact that Plaintiff does not have any damages.[1] His supplemental affidavit does not even mention the subject nor list any further damages that he allegedly suffered. It does not elaborate on his vague, general, half-hearted description of the alleged "postage, emotional distress and worry" cited in his discovery responses and deposition testimony. The fact is that Plaintiff has no legally recognizable damages. The single case cited by Plaintiff to sidestep this element of his claim involved a case in which the plaintiff's credit report contained an entry indicating that he was behind on child support payments. Casella v. Equifax Credit Information Services, Inc., 56 F.3d 469, 472 (2d Cir. 1995). The plaintiff disputed the entry with the credit bureaus and provided documentation that the reports were in error. Id. The entry was initially deleted from his Equifax report, but later reappeared. Id. The plaintiff then submitted an affidavit explaining "at length the worry, anxiety and depression he felt while having to deal with his credit report, which stigmatized him as a "deadbeat father". Casella at 474. Although the court did state that actual damages could include humiliation and emotional distress, it went on to affirm the district court's finding that the plaintiff was not entitled to such damages since the proximate cause was the City of San Diego (which reported the erroneous information) rather than the credit bureaus. Id. Significantly, the court further found that the plaintiff's report was not issued to any third parties while it contained the erroneous entry and, as a result, held that "we do not believe a plaintiff can recover for pain and suffering when he has failed to show

2

"emotional distress and worry" are a sham and, even if they were not, Equifax would be entitled to summary judgment under Casella since Plaintiff's report was not provided to any third parties thus making him ineligible to claim any "pain and suffering"-type damages. Further, the few dollars he spent on a certified letter were charges that he chose to incur and were *de minimis* to say the least. Also, the expense of these few dollars was not caused by not receiving a copy of the disclosure. They were incurred simply to mail in his request. Without damages, Plaintiff's FCRA claims must fail as a matter of law.

## II. Plaintiff Has Presented no Evidence to Contradict the Existence of Equifax's Procedure

Equifax has outlined its procedure for providing disclosures to consumers involved in litigation. Plaintiff's has produced no evidence that Equifax does not have a procedure.[2] Rather, Plaintiff merely argues that the procedure is no good and that it did not work in this case. Equifax has conceded that the procedure did not work as intended in this case. However, there is a critical distinction between not having a procedure at all versus having a procedure which, due to mistake and inadvertence, is not effective in a single case. Here, the procedure is a reasonable one that has worked well countless times in the past.[3] It was not the fault of the procedure that Plaintiff did not receive the copies of his disclosure when

---

will respond to this motion in due course.

[2] In fact, Plaintiff has not taken the depositions of any of Equifax's employees in this case to inquire further of the offline procedure.

[3] It should be noted that Equifax, as a consumer reporting agency, is regulated by the Federal Trade Commission which has enforcement authority over Equifax. If Equifax were involved in some pattern and practice of violating the FCRA with respect to the procedure at issue in this case or any other, then the FTC could use its regulatory powers to insure compliance.

4

requested. Since Equifax does have a procedure in place – and it is a reasonable procedure – it is entitled to summary judgment.

### III. Plaintiff is Not Entitled to Punitive Damages

Equifax has a procedure in place for providing consumers with disclosures when their files are off-line due to litigation. It is a reasonable procedure and usually works without any problems. Here, it did not work as it was supposed to, but that was not because of a flaw in the procedure or some intentional effort to prevent Plaintiff from getting a copy of his credit report. If that were the case, then Equifax would not have provided him with the several reports that it did throughout the course of this matter. Plaintiff wrongly asserts that "reckless indifference" is the standard to be applied under section 1681n of the FCRA. This is incorrect. Section 1681n expressly states that liability can only be had under that section when a person "willfully" fails to comply with the FCRA. 15 U.S.C. 1681n(a). This term has been defined as "requiring a showing that the agency knowingly and intentionally committed an act in conscious disregard for the rights of others." *See*, McMillan, supra at 287. Equifax did not knowingly or intentionally fail to provide Plaintiff with a copy of his credit disclosure. It sent him several copies at various times. Although mistake and inadvertence led to a breakdown in the normal procedure in this particular case, there is

simply no evidence that Equifax knowingly and intentionally failed to send him copies of his disclosures or intended to harm him and summary judgment is required on Plaintiff's claims for statutory and punitive damages.

        Respectfully submitted,

        EQUIFAX INFORMATION
        SERVICES, LLC

        By_____
        Eric D. Daniels (ct 01582)
        Jason M. Kuselias (ct 20293)
        ROBINSON & COLE LLP
        280 Trumbull Street
        One Commercial Plaza
        Hartford, CT 06103-3697
        E-mail: edaniels@rc.com
        E-mail: jkuselias@rc.com
        Tel. No. (860) 275-8200
        Fax No. (860) 275-8299

        and, of counsel

        J. Anthony Love, Esq.
        Georgia Bar No. 459155
        KILPATRICK STOCKTON LLP
        1100 Peachtree Street, Suite 2800
        Atlanta, Georgia 30309
        E-mail: ToLove@kilstock.com
        Tel. No. (404) 815-6500

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing has been sent via first class mail, on the 2nd day of March, 2004 to:

>Attorney Joanne S. Faulkner
>123 Avon Street
>New Haven, CT  06511-2422

Eric D. Daniels