IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
MAR 9  9 48 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:03CV253(JBA) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| | ) March 9, 2004 |
| Defendant. | ) |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LOVE AFFIDAVITS**

## I. INTRODUCTION

There is no basis to strike the affidavits of Equifax's counsel. Although there was admittedly some confusion over whether and when two letters from Plaintiff were received by Equifax, neither Equifax nor its counsel intentionally acted to improperly deny receipt of these letters and Equifax amended its Answer and discovery responses to reflect such receipt after it recognized its mistake. Further, with respect to the May 7, 2003 letter from Plaintiff to Equifax, Equifax's counsel apparently received it, but then either misfiled it and forgot about it – or both – until reviewing the file the night before the settlement conference with Magistrate Judge Margolis. When he did locate the letter, he immediately provided a copy to Plaintiff's counsel before the settlement conference started that next morning. Plaintiff seeks to penalize Equifax and its counsel for this unintentional memory lapse, but should not be permitted to do so since it was not intentional and was later corrected. Further, as

ATLLIB01 1671206.1

the record now stands, Equifax admits receiving both letters and Plaintiff even used this admission in his motion for summary judgment.

## II. ARGUMENT AND CITATION OF AUTHORITY

A    Plaintiff Has Not Established a Basis for Striking the Affidavits of Equifax's Counsel Since the Affidavits Seek to Correct the Record

The only relevant requirements for the admissibility of affidavits under Federal Rule of Civil Procedure 56(e) are that "…they shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated therein." FRCP 56(e); *see also*, McSpadden v. Mullins, 456 F.2d 428 (8th Cir. 1972)("Affidavits in support of motion for summary judgment must be made on personal knowledge and contain admissible evidence. Where an affidavit does not meet this standard, it is subject to a motion to strike.").

In the present case, Plaintiff's attacks on the Love Affidavits are primarily based on Plaintiff's claim that the affidavits "alter" Equifax's previous position regarding its (and its counsel's) receipt of two letters that Plaintiff sent requesting a copy of his credit report. These arguments do not have anything to do with whether the affiant has personal knowledge or the evidence is admissible. Instead, they are merely an effort to impeach Equifax and its counsel on an issue that now rests in Plaintiff's favor – the receipt of the two letters that Plaintiff sent requesting a copy of his credit report. There has admittedly been some confusion concerning these two letters, but the Love Affidavits represent an effort to correct the record. The night before the December 10, 2003 settlement conference before Magistrate Judge

ATLLIB01 1671206.1

Margolis, Equifax's counsel reviewed his file and discovered the original May 7, 2003 letter from Plaintiff to Equifax. (Affidavit of J. Anthony Love, attached hereto as Exhibit "A", para. 2). He did not recall ever receiving the letter or seeing it in his file at that time. (Id.). The very next morning, before the settlement conference started, Equifax's counsel provided Plaintiff's counsel with a copy of the letter, showed her the original and explained that he (believed) he had never received the letter or seen it in his file before that time. (Id). The case did not settle at the settlement conference and, after the conference, Magistrate Judge Margolis held a meeting among counsel to facilitate a number of outstanding discovery disputes and issued a corresponding Memorandum. (Love Affidavit, para.3). In an effort to provide the Court with the information referenced in the Memorandum for its *in camera* review, Equifax's counsel reviewed a copy of Equifax's internal file which included a copy of an e-mail that Equifax's counsel had sent to Equifax on June 15, 2003 which indicated that Equifax's counsel had previously received the May letter and asked Equifax to send Plaintiff a copy of his report. (Id). Equifax's counsel did not remember sending this e-mail. (Id.). This e-mail was provided to the Court pursuant to the Memorandum and deemed work product/attorney-client privilege. Equifax's counsel never intended to improperly withhold the letter and honestly forgot about ever receiving it in May or June (if he even did) prior to the time he prepared for the settlement conference. (Id.).

Since the confusion concerning the two letters was the product of forgetfulness rather than an intentional effort to deny receiving the letter and since the record has

since been corrected concerning this matter[1], Plaintiff's motion to strike should be denied.

### B. Settlement Negotiations

Federal Rule of Civil Procedure 408 provides, in relevant part, that settlement negotiations are not admissible "…**to prove liability for or invalidity of the claim or its amount**…". FRCP 408 (emphasis added). None of the comments concerning settlement demands in the Love Affidavits are offered for that purpose. Indeed, even the amounts demanded have been redacted to insure the confidentiality of the demands. Plaintiff's claim is that he requested copies of his credit report and did not receive it. The settlement demands and information referenced in the Love Affidavit do not seek to prove or disprove this. There is no dispute that Plaintiff requested his report. Instead, the information is provided to show the context, history and nature of the communications between the attorneys in this case. Equifax certainly has no objection if the Court chooses to disregard the banter between the attorneys in this case over settlement discussions and it will not effect the outcome on liability one way or the other..

### C. Other Matters

Plaintiff suggests that Equifax's counsel should be disqualified since he may be a witness. If that is so, then Ms. Faulkner should be disqualified as well since she was involved in the communications and requests for credit reports and is similarly a witness. Further, the material facts that Equifax's counsel has testified to are not in

---

[1] On December 31, 2003, Equifax served a supplemental discovery response to Interrogatory nos. 19 and 20 which admitted receipt of the May 7, 2003 letter. (a copy of this response is attached hereto as Exhibit B). Equifax has also filed an Amended Answer admitting receipt of both letters.

ATLLIB01 1671206.1

dispute. Finally, Equifax's lead counsel at trial will be Ms. McRae, not Mr. Love. There is no basis for disqualification under these circumstances.

Plaintiff also suggests that Equifax and its counsel should be sanctioned for the issues related to whether and when the two letters were received. As discussed above, there has never been any intentional effort to improperly deny receipt of the letters and when they were discovered, they were provided to Plaintiff. Frankly, it almost appears as if Plaintiff is trying to capitalize on these inadvertent oversights in discovery to improve his case on liability and as a substitute for damages (since he has none).

This 8th day of March, 2004.

Respectfully submitted,

EQUIFAX INFORMATION SERVICES, LLC

By: _____
J. Anthony Love, Esq. ct20053
Georgia Bar No. 459155
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500

Eric D. Daniels, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597

ATLLIB01 1671206.1

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE LOVE AFFIDAVIT by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

> Joanne S. Faulkner, Esq.
> 123 Avon Street
> New Haven, Connecticut 06511

Dated: March 8, 2004.

ATLLIB01 1671206.1