IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
MAR 9  9 48 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:03CV253(JBA) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| Defendant. | ) March 9, 2004 |

### AFFIDAVIT OF J. ANTHONY LOVE

STATE OF GEORGIA      )
                      )
COUNTY OF FULTON      )

J. Anthony Love, being duly sworn, deposes and says:

1.  I am an attorney with the firm of Kilpatrick Stockton LLP, which has an office at 1100 Peachtree Street, Suite 2800, Atlanta, Georgia 30309. I am licensed to practice in Georgia and admitted *pro hac vi*ce in this case as Counsel for Defendant Equifax Information Services LLC. I make this affidavit in support of Equifax's Memorandum in Opposition to Plaintiff's Motion to Strike Love Affidavits. I have personal knowledge of the matters contained herein and am otherwise competent to make this affidavit.

2.  A settlement conference in this case was held before Magistrate Judge Margolis on December 10, 2003. I traveled to New Haven from Atlanta the night before the settlement conference. That night, I reviewed the file to prepare for the next day's settlement conference and discovered the original May 7, 2003 letter from Plaintiff to Equifax. I did not recall ever receiving this letter or seeing it in my file prior to that time.

ATLLIB01 1645028.1

The very next morning, before the settlement conference started, I provided Plaintiff's counsel with a copy of the letter, showed her the original, and explained that I (believed) that I had never received the letter nor seen it in my file prior to that time.

3. The case did not settle at the settlement conference and, after the conference, Magistrate Judge Margolis held a meeting among counsel to facilitate a number of outstanding discovery disputes and issued a corresponding Memorandum. In an effort to provide the Court with the information referenced in the Memorandum for its *in camera* review, I reviewed a copy of Equifax's internal file which included a copy of an e-mail that I had previously sent to Equifax on June 3, 2003 which indicated that I had previously received the letter and asked Equifax to send Plaintiff a copy of his report. I did not remember sending this e-mail. The e-mail was provided to the Court pursuant to the Memorandum and deemed work product/attorney client privilege. I never intended to improperly withhold the letter and forgot about ever receiving it prior to the time I prepared for the settlement conference.

This 8th$^{th}$ day of March, 2004.

FURTHER AFFIANT SAYETH NOT.

_____
J. Anthony Love

Sworn to and subscribed before
me this 8th day of March, 2004.

_____
Notary Public

[Notary Seal: ELIZABETH W. BANKS, GEORGIA, EXPIRES AUG. 20, 2008, CHEROKEE COUNTY PUBLIC]

ATLLIB01 1645028.1

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:03CV253(JBA) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) |
| | ) December 31, 2003 |
| Defendant. | ) |

## DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES

NOW COMES Defendant Equifax Information Services LLC ("Equifax"), by counsel, and provides the following supplemental responses to Plaintiff's Interrogatories:

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 4:

Identify each person and entity involved in the determination to take plaintiff's credit file off line.

### RESPONSE:

Pursuant to agreement of counsel, Equifax agreed to provide Plaintiff with copies of any deposition testimony in which Equifax's witnesses discussed Equifax's policy and procedure for taking a consumer's file off-line as a result of litigation. Equifax has conducted a reasonable search for such materials and has not located any.

### INTERROGATORY NO. 15:

Which of the entities listed on E0007 received information from plaintiff's credit

ATLLIB01 1637992.1

file?

**RESPONSE:** Plaintiff's credit file was taken off-line as a result of his first lawsuit, approximately June 7, 2002 and placed back on-line approximately June 19, 2003. Any of the entities reflected on E0007 that fall outside of those dates would have received a copy of Plaintiff's credit file for credit information. Within those dates, the only entities that would have received a copy of any information concerning Plaintiff would be the promotional inquiries (designated as PRM inquiries on Plaintiff's credit reports) and the account reviews (designated as AR on Plaintiff's credit reports).

INTERROGATORY NO. 16:

Which of the entities listed on E0007 received a no-file or under review or error message because plaintiff's file was off-line?

**RESPONSE:** Upon information and belief, Citizens Bank, Gulf Oil and the EU inquiries would have received such a notification since the file was off line at that point in time.

INTERROGATORY NO. 19:

Set forth every step taken with regard to plaintiff's letter received by defendant on May 10, 2003, identifying the job description and employer of each person handling the letter, and each location (whether physical or electronic) of the letter each day on and after May 10, 2003.

**RESPONSE:** Defendant Equifax does not know the exact location of the letter on each day "on and after May 10, 2003". Apparently, the letter was received at Equifax's Post Office Box. It then would have been routed ACS in Jamaica, one of Equifax's outside vendors. ACS then apparently sent it back to Equifax's legal

ATLLIB01 1637992.1

department in Atlanta. The letter was then apparently sent from Equifax's legal department to Equifax's outside counsel at some point. Equifax is unable to identify the name and/or job description of each person handling the letter.

INTERROGATORY NO. 20:

Provide every reason why Equifax did not respond to the plaintiff's letter received by defendant on May 10, 2003, and identify each person made any decisions about handling the letter.

**RESPONSE:** Responding to Interrogatory No. 20, Defendant Equifax states that it is Equifax's policy to send consumer disclosures upon request, even when cases are involved in litigation. Defendant Equifax is not able to determine why a report was not sent to Plaintiff in response to the letter received on May 10, 2003.

This 31st day of December, 2003.

Respectfully submitted,

EQUIFAX INFORMATION
SERVICES LLC

By: _____
J. Anthony Love, Esq. ct20053
Georgia Bar No. 459155
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500

Eric D. Daniels, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597

ATLLIB01 1637992.1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

>Joanne S. Faulkner, Esq.
>123 Avon Street
>New Haven, Connecticut 06511

Dated: December 31, 2003.

ATLLIB01 1637992.1