UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                                          CASE NO. 3:03CV 253 (JBA) (JGM)

EQUIFAX INFORMATION SERVICES, LLC           April 7, 2004

<u>PLAINTIFF'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL AUTHORITY</u>

  Defendant has submitted an entirely inapposite district court decision to supplement its Motion for Summary Judgment. This case involves repeated and deliberate violations of plaintiff's rights to a copy of his own credit file due to defendant's intentional adoption of an "off-line" procedure to retaliate against consumers who file suit. The <u>Quinn</u> case, in contrast, involved a plaintiff who sued even though a disputed account was removed within six weeks of the dispute. Unlike <u>Quinn</u>, here there is a very real claim that Equifax committed the "systematic deprivation of [plaintiff's] consumer[ ] rights" which would justify an award of punitive damages. <u>Quinn</u>, slip op at 14. In <u>Quinn</u>, the higher interest rate damages had been incurred before the disputed account appeared on the credit file. Unlike <u>Quinn</u>, plaintiff believes he has adequately explained the circumstances of the injury, but that is a question for the jury

  Moreover, in <u>Quinn</u>, no creditors had ever tried and failed to get a copy of the plaintiff's credit report or were misled about its existence, as here. Courts have recognized that "no report" is adverse to the consumer. See <u>Thompson v. Equifax Credit Inf. Serv.</u>, 2001 WL 34142847 (M.D. Ala. Dec. 14, 2001). There, the consumer's file was also offline and the question was whether the information provided was a "consumer report."

>It is true that in this case the information provided by Defendant could indicate several things to the purchaser of the report. For instance, it could indicate that Plaintiff has bad credit history, or it could indicate that Plaintiff does not have any good credit history. The purchaser of the report is left hanging as to whether or not to grant credit to Plaintiff. Based on information such as "FILE UNDER REVIEW," "FILE UNAVAILABLE ONLINE," and "CONTACT BUREAU," it is logical to assume that the cautious thing for the purchaser of the information to do would be to deny Plaintiff credit.

Id. at *3. See also the oral decision in Stephens v. Americredit Financial Services, Inc., Civ. No. 3:03 CV 142 (E. D. Va. 2003) (excerpt attached), where Judge Williams stated at p. 20:

>Next, I rule as a matter of law that the Fair
>17  Credit Reporting Act requires that a notice be
>18  sent to a co-applicant, even one whose report
>19  indicated a lack of credit data, because the
>20  absence of credit data reveals a great deal about
>21  one's mode of living and general credit worthiness
>22  as set forth in 1681 a(d)(1).

The Federal Trade Commission also recognizes that a "no report" is a negative factor. Its Statements of General Policy Or Interpretations Under the Fair Credit Reporting Act, 16 C.F.R. Pt. 600 App. §615.11, mandates that a user provide an adverse action notice when there is no report:

>11. Adverse Action Based on Non-derogatory Adverse Information.
>A party taking adverse action concerning credit or insurance or denying employment, "wholly or partly because of information contained in a consumer report," must provide the required notice, even if the information is not derogatory. For example, the user must give the notice if the denial is based wholly or partly on the absence of a file or on the fact that the file contained insufficient references.

Thus, by taking his file offline, Equifax both prevented plaintiff from correcting his report and blackballed his participation in the credit economy. Plaintiff's situation is entirely unlike Quinn.

2

THE PLAINTIFF

BY_____/s/ Joanne S. Faulkner_____
JOANNE S. FAULKNER ct04137
    123 Avon Street
    New Haven, CT 06511-2422
    (203) 772-0395
    j.faulkner@snet.net

    This is to certify that the foregoing and attached was mailed on April 7, 2004, postage prepaid, to:

J. Anthony Love
Kilpatrick Stockton
1100 Peachtree St #2800
Atlanta GA 30309-4530

                    ___/s/ Joanne S. Faulkner_____
                    Joanne S. Faulkner

Page 0001
1    THE CLERK: Civil action 3:03 CV 142.
2    Marilyn Stephens, et al. versus Americredit
3    Financial Services, Inc., et al.

page 0020
1    Act. The notice was not accurate. It directed
2    Mrs. Rowe to two credit reporting agencies that
3    did not provide consumer reports regarding
4    Mrs. Rowe to Triad. It also told Mrs. Rowe that
5    its decision to deny her credit "was determined
6    either wholly or partly because of information
7    contained in a consumer credit report." Triad now
8    argues that it did not base its decision in whole
9    or in part on any information from the consumer
10  credit report, but if that is true, then the
11  notice was inaccurate in a second way. For those
12  reasons, the notice given to Mrs. Rowe was
13  insufficient under the Fair Credit Reporting Act
14  and plaintiffs' motion for summary judgment on
15  this issue is granted.
16    Next, I rule as a matter of law that the Fair
17  Credit Reporting Act requires that a notice be
18  sent to a co-applicant, even one whose report
19  indicated a lack of credit data, because the
20  absence of credit data reveals a great deal about
21  one's mode of living and general credit worthiness
22  as set forth in 1681 a(d)(1). The requirements of
23  the ECOA and FCRA are different in this regard,
24  and I find that FTC informal staff opinion letter
25  to Stinneford, dated July 14 of 2000 instructive

page 0021
1    in this regard. Accordingly, I will grant
2    plaintiffs' motion for summary judgment on this
3    issue.

Page 0023
1
2        C-E-R-T-I-F-I-C-A-T-E
3        Of Official Court Reporter
4
5
6    THE FOREGOING IS A TRUE AND CORRECT TRANSCRIPT.
7
8
9    _____
10    GILBERT FRANK HALASZ, RMR
      Official Court Reporter