UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                                        CASE NO. 3:03CV 253 (JBA) (JGM)

EQUIFAX INFORMATION SERVICES, LLC              May 3, 2004

PLAINTIFF'S MOTION FOR PERMISSION TO SUPPLEMENT HIS
REPLY IN SUPPORT OF SUMMARY JUDGMENT

    Plaintiff respectfully requests permission to submit the opinion of Experian's witness that the harm resulting to a consumer when his file is taken off line is well understood in the credit reporting industry. Following is an excerpt from the deposition testimony of David Browne, longtime employee and expert witness for Experian, taken in Pace v. Experian Information Solutions, Inc., Civ. No. 2-03CV045 (E.D. Tex.) April 30, 2004:

117

5   Q   Well, my question is this:  Do you think it's a

6  better procedure to take that consumer off-line and prevent

7  access to that file?

8   A   Well, I know it's tempting to make that -- draw

9  that conclusion.  The trouble is, when you take somebody

10  off-line, you can pretty much guarantee that they're going

11  to get turned down for credit when they apply for credit.

121

21   Q   Mr. Browne, I think when we left off we were

22  talking about the VIP database at Experian and the -- and

23  the function of that database.

24       In connection with your work and considering

25  protections for identity theft victims, have you considered

                                    122

1   a procedure for placing those victims in the VIP database or

2   in an off-line status?

3   A    I'm always mindful of the fact that, if we do

4   that, we -- we can pretty much automatically assume that

5   they're going to get turned down for credit.  If they -- if

6   the lender can't pull a credit report on them, it's -- they

7   usually -- now, if they talk about President Bush, they'll

8   probably wait until he -- until we get a credit report to

9   them, but for a -- for a David Browne, I -- I -- I don't

10  think the lender is going to wait too long.  They're going

11  to give me a turn-down and that's it.

12       So I have thought about it, but one of the

13  -- one of the things that I focus on in all of the

14  recommendations that I make is to try to make life better

15  for consumers, and I don't think this is a case where I

16  could do that.

17  Q    You feel like taking a consumer off-line would be

18  inconsistent with a consumer's betterment as an ID theft

19  victim; right?

20    A    That's my opinion, yes.

*****   End of excerpt   *****

In his Reply Memorandum, plaintiff asserted, "No one can predict how the jury will value plaintiff's frustration at having his legal right to a copy of his report repeatedly flouted." In <u>Brown v. Experian Inf. Solutions, Inc.</u>, Civ. No. 3:01CV1967 (D. Conn. Apr. 16, 2004) tried before Judge Chatigny, the jury returned a verdict of $50,000 where the only violation was refusal (twice) to give plaintiff his credit report.

                THE PLAINTIFF


                BY_____/s/ Joanne S. Faulkner_____
                JOANNE S. FAULKNER ct04137
                  123 Avon Street
                  New Haven, CT 06511-2422
                  (203) 772-0395
                  j.faulkner@snet.net


This is to certify that the foregoing and attached was mailed on May 3, 2004, postage prepaid, to:

J. Anthony Love
Kilpatrick Stockton
1100 Peachtree St #2800
Atlanta GA 30309-4530


                ___/s/ Joanne S. Faulkner_____
                Joanne S. Faulkner