ORIGINAL

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
JUL 2   9 32 AM '04
U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| WILLIAM SPECTOR, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:03CV253(JBA) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| | ) July 2, 2004 |
| Defendant. | ) |

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
RESPONSE TO PLAINTIFF'S OBJECTION TO
MAGISTRATE JUDGE'S RECOMMENDED RULING**

I. INTRODUCTION

Equifax takes a consumer's file offline when the consumer files a lawsuit against it. Equifax does this to protect both itself and the consumer from the consequences of releasing a potentially inaccurate consumer report. This policy contemplates that a consumer might ask for a copy of his or her disclosure while the file is offline and provides a mechanism through which a copy may be obtained upon request. Magistrate Judge Margolis correctly found that this policy does not violate the Fair Credit Reporting Act ("FCRA").

Even when the offline policy is inadvertently not followed, as happened here, a plaintiff must suffer actual damages as a result in order to establish all of the elements of a successful FCRA claim. Magistrate Judge Margolis correctly found that Plaintiff has not suffered any legally recognizable actual damages in this case

ATLLIB01 1754770.1

**Oral Argument Requested**

and, as a result, his claims fail as a matter of law. Magistrate Judge Margolis also correctly found that there is no evidence sufficient to support statutory or punitive damages against Equifax in this case.

Equifax requests that Plaintiff's Objections to the Recommended Ruling be overruled and that the Recommended Ruling be entered as the final judgment of this Court.

## II. THE RECOMMENDED RULING DID NOT FIND THAT EQUIFAX WAS NEGLIGENT

In his Objections, Plaintiff first suggests that the Recommended Ruling "properly found negligence". (Plaintiff's Objections, p. 3, Section I). This is incorrect. To the contrary, the Recommended Ruling found that

> "Defendant's offline policy, if implemented in the manner in which defendant described, would not violate the FCRA, provided counsel acts promptly in processing a consumer's request after such a request is forwarded to defense counsel "for handling." In this case, however, plaintiff's request was twice misdirected – both the December 12, 2002 and the May 7, 2003 letters were either forwarded to the wrong department or misplaced. Under these circumstances, "a permissible inference of negligence may be drawn." (Recommended Ruling, p. 19).

The Recommended Ruling's reference to "a permissible inference of negligence" is not tantamount to a finding that Equifax was negligent as a matter of law. Rather, the Recommended Ruling correctly found that the offline policy itself does not violate the FCRA. As far as the admitted inadvertent instances in which the policy was not followed in this case, the Recommended Ruling merely found that an inference could be drawn. Even if the Recommended Ruling had gone as far as

2

Plaintiff suggests and held that Equifax was negligent in its efforts to execute its policy, Plaintiff's claims must still fail as a matter of law since, as discussed below, he has no actual damages. See, (Rachel) Spector v. Experian Information Services, Inc., 2004 WL 124978, *8 (D.Conn.)(when plaintiff failed to meet her burden of proving damages as required by FCRA, it was unnecessary to address the issue of whether the defendant was negligent).

### III. THE RECOMMENDED RULING CORRECTLY FOUND THAT PLAINTIFF HAS NO ACTUAL DAMAGES

Plaintiff claims that he suffered "postage, emotional distress and worry" as a result of not receiving a copy of his consumer disclosure when he requested it. (Recommended Ruling, pp. 20 – 21). Magistrate Judge Margolis correctly found that Plaintiff had no recoverable emotional distress resulting from not receiving his disclosure exactly when he requested it and that his claim for "postage" amounted to $4.42 – an amount so small in the context of this case that it does not rise to the level of legally recognizable damages. (Recommended Ruling, pp 22 –23).

In his Opposition, Plaintiff suggests that Magistrate Judge Margolis's decision relied exclusively on the fact that Plaintiff's credit report was not provided to any third parties. This argument is based on Plaintiff's unreasonably narrow view of the court's holding in Casella v. Equifax Credit Information Services, Inc., 56 F.3d 469 (2d Cir. 1995) as well as an incomplete reading of the Recommended Ruling. Plaintiff argues that the holding of Casella is limited to: "[w]e do not believe a

3

ATLLIB01 1754770.1

plaintiff can recover for pain and suffering when he has failed to show that any creditor or other person learned of the derogatory information from a credit reporting agency." (Plaintiff's Objection, p. 5). While the court in Casella did say this, its central holding – and the one which applies directly to all FCRA claims - is much broader:

> "The FCRA creates a private right of action against credit reporting agencies for the negligent, *see* 15 U.S.C 1681o, or willful, *see* 1681n, violation of any duty imposed under the statute. (citations omitted). For any such violation, the credit reporting agency is liable to the consumer for "actual damages" sustained, the costs of the action together with reasonable attorney's fees and, in the case of willful noncompliance, punitive damages...*In this case, Casella bears the burden of proving actual damages sustained as a result of appellee's activities.*" Casella at 469 (emphasis added).

As Magistrate Judge Margolis noted in her Recommended Ruling, this Court further expanded on Casella in McMillan v. Experian, Inc., 170 F. Supp.2d 278 (D.Conn 2001) when it held that "[w]here a plaintiff claims a negligent violation of...FCRA, he must also provide some evidence from which a reasonable factfinder could conclude that he suffered actual damages as a result of defendant's actions in order to survive summary judgment." (Recommended Ruling, p. 20). Casella involved claims under 1681c, 1681i and 1681g(a)(3)(A). McMillan included claims brought under 1681s-2(b). While Plaintiff would have the Court hold that actual damages are only an element of claims brought under certain subsections of the FCRA, the opposite is true. All claims brought under the FCRA for negligence must

4

ATLLIB01 1754770.1

be supported by evidence of legally recoverable actual damages or face summary judgment.

Here, Magistrate Judge Margolis was correct in holding that Plaintiff has no actual damages. His postage claim boils down to $4.42 for sending a single letter that he chose to send "certified" mail. In the context of this case, this is not a legally recognizable claim. This amount would not even be suitable for small claims court, let alone sufficient to support a federal lawsuit. The cases cited by Plaintiff do not alter this fact. All of them involve various state statutes, not the FCRA, and none state that an amount as small as $4.42 supports a claim of actual damages.

Similarly, Magistrate Judge Margolis correctly held that Plaintiff has suffered no emotional damages as a proximate result of the alleged violations by Equifax. Plaintiff's report was not provided to any creditors. When Citizen's Bank received his report from a different credit bureau, it still denied him the loan he sought due to the bankruptcy on his file. When he contacted Gulf, it reactivated his card (which he hadn't used in years) without even requiring a credit report. He got copies of his consumer disclosure from Equifax on several occasions during the first suit and the current one. When he made disputes, they were reinvestigated. He did not seek any medical treatment. He has not been prescribed any drugs. This is simply insufficient to support a claim for emotional damages under the FCRA. See, e.g., Cousin v. Trans Union, 246 F.3d 359 (5th Cir. 2001)(absent proof of genuine injury such as evidence

of the injured party's conduct or medical or psychological evidence, emotional distress claim must fail).

The recently decided case of (Rachel) Spector v. Experian Information Service, Inc., 2004 WL 1242978 (D.Conn.) further supports this outcome. In that case, Plaintiff's wife sued Experian for allegedly violating the FCRA by listing one of her accounts as included in bankruptcy. She did not claim any economic loss but alleged that she suffered "undue heart break and sleeplessness, a lot of unnecessary paperwork and, most of all, damaging her credit." 2004 WL 1242978, *3. Senior Judge Burns held that "plaintiff's mental anguish, on its own, without evidence of a denial of credit or of any third parties viewing or relying on the information Wachovia provided regarding the status of her credit card, is not enough to survive summary judgment.". Id at *8. The court went on to hold that "because the court has found that plaintiff failed to meet her burden of proving damages as required by the FCRA, it is unnecessary to address the issue of whether Wachovia was indeed negligently non-compliant...". Id.

Just as in his wife's case, Plaintiff can point to no evidence here of recoverable economic loss or any creditors viewing or relying on the contents of his credit report, and his evidence of alleged "emotional distress" is nothing more than his own skimpy, conclusory allegations. Therefore, his claims for emotional damages fail as a matter of law.

6

ATLLIB01 1754770.1

## IV. THE RECOMMENDED RULING CORRECTLY GRANTED SUMMARY JUDGMENT ON PUNITIVE DAMAGES

Plaintiff misreads the punitive damages standard set forth in the Recommended Ruling. The standard is plainly set forth on page 19 of the Recommended Ruling:

> "Willful noncompliance exists when a defendant acted in "conscious disregard" of the consumer's rights or that the defendant's noncompliance with …FCRA was "deliberate and purposeful." (Recommended Ruling, p. 19, citing Spector v. Trans Union, 301 F.Supp.2d 231, 237 (D.Conn. 2004).

This is exactly the language that Plaintiff cites as the correct standard in his Objections. (Plaintiff's Objections, p. 7). Magistrate Judge Margolis correctly found that there was no evidence in the record of a willful violation of the FCRA and, further, that Equifax's offline procedure does not violate the FCRA. As set forth in great detail in Equifax's motion for summary judgment, there is a valid, reasoned basis for taking files offline and a mechanism in place for providing reports to consumers whose files are offline. Just because the procedure—like any other procedure involving human beings--is subject to inadvertent mistakes does not mean that it intentionally violates the FCRA and Equifax did not willfully violate the FCRA here. There is no prior case law that states that taking files off line violates the FCRA.[1] Equifax provided Plaintiff with copies of his credit reports on several

---

[1] Plaintiff parenthetically references Menton v. Experian Corp., 2003 WL 941388 (S.D.N.Y. 2003). The facts in Minton were substantially different that those in the present case. There, Experian purposefully refused to provide the plaintiff with his disclosure because the plaintiff refused to provide his social security number. There was no suggestion that the delay was inadvertent. Also, the delay was for 7

occasions during this and the prior lawsuit. These facts simply do not support a finding of a willful violation.

## V. CONCLUSION

For the reasons set forth above, in its own motion for summary judgment and in the Recommended Ruling, Defendant Equifax requests that the Recommended Ruling be entered as the final judgment of the Court.

This 1st day of July, 2004.

Respectfully submitted,

EQUIFAX INFORMATION SERVICES, LLC

By: _____
J. Anthony Love, Esq. ct20053
Georgia Bar No. 459155
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309
(404) 815-6500
Eric D. Daniels, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, Connecticut 06103-3597

---

months and there was no evidence that the plaintiff received his report at various times during that 7 month period as occurred here.

8

ATLLIB01 1754770.1

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S RECOMMENDED RULING by depositing same in the United States mail, properly addressed with sufficient postage affixed thereto to ensure delivery to:

>Joanne S. Faulkner, Esq.
>123 Avon Street
>New Haven, Connecticut 06511

Dated: July 1, 2004.

ATLLIB01 1754770.1