UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SPECTOR

v.                                                          CASE NO. 3:03CV 253 (JBA)

EQUIFAX INFORMATION SERVICES, LLC           October 2, 2004

MEMORANDUM IN SUPPORT OF
PLAINTIFF'S OMNIBUS DISCOVERY MOTION

Sealed documents. Plaintiff seeks discovery of the documents considered by the Court in its Ruling (Doc. No. 98). Certain papers have been filed under seal but were apparently considered by the Court in its Ruling. See sealed Doc. Nos. 40, 49, 55. Documents used at trial or in used in connection with a dispositive motion may not be held under seal. They belong to the public in those circumstances. See Joy v. North, 692 F. 2d 880, 893 (2d Cir. 1982) (summary judgment documents "should not remain under seal absent the most compelling reasons"); United States v. Graham, 257 F.3d 143 (2d Cir. 2001) (public access to court material); Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122 (9th Cir. 2003) (burden to make particular showing of good cause and show specific harm). *Cf.* In re Sealed Case, 339 U.S. App. D.C. 309, 199 F.3d 522, 525 (D.C. Cir. 2000) (collecting cases requiring public docketing in judicial proceedings).

Plaintiff objected to the secrecy of those documents, and fully briefed the issues, including the absence of any privilege. See Doc. Nos. 42, 43, 62, 64. Since Mr. Love has since testified about them, they are no longer privileged, in any event. United States v. Bilzerian, 926 F.2d 1285, 1291 (2d Cir. 1991) (purpose for expanding scope of waiver is "to avoid a defendant's use of the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes"); United States v. Woodall, 438

F.2d 1317, 1324 (5th Cir. 1970) (en banc) ("[A] client's offer of his own or his attorney's testimony as to a specific communication constitutes a waiver as to all other communications on the same matter [because] 'the privilege of secret communication is intended only as an incidental means of defense, and not as an independent means of attack, and to use it in the latter character is to abandon it in the former.'" (quoting 8 John Henry Wigmore, Wigmore on Evidence § 2327, at 638 (1961)). Moreover, since Attorney Love was acting as an operational part of Equifax's off-line policy and procedures, his role and communications are neither privileged nor confidential. E.g. In re John Doe Corp., 675 F.2d 482, 484-85, 489, 492 (2d Cir. 1982); United States v. Cohn, 303 F. Supp. 2d 672, 680 (D. Md. 2003) (operational e-mails not privileged). The sealed documents should now be produced.

Off-line policies and backup policies. The Court recognized that "At the heart of this case are the policies Equifax employs when sued by a consumer." Ruling at 3. The Court referred to the backup policies (Ruling at 4) as they exist "on their face" (Ruling at 23). Equifax was not required to produce those policies without redaction, but plaintiff should now receive full copies of the written off-line policies and backup policies, including security department procedures and instructions and audits as to the Jamaica operation.

Effectiveness of the off-line procedures. Equifax asserted "that its off-line procedures and backup disclosure policies have worked well hundreds of times." Ruling at 11. Plaintiff should be provided with such documentary evidence as defendant has to substantiate this conclusory statement, as well as the times the off-line procedures have not worked (including complaints referencing failure to make consumer disclosures or

complaints about off-line procedures. whether by lawsuits, letters, or on the internet -- where many consumers have complained). And, what percentage of times has a creditor bothered to follow up on the request to "contact CBI credit reporting center" when faced with an off-line report? Since the Security Department alerts Consumer Affairs when an off-line file is requested, that statistic should be readily available.

Equifax file. Equifax "found the letter and accompanying affidavit in its own file." Ruling at 6. Equifax should produce its internal file in its entirety, because it is likely to substantiate the intentional nature of the violations.

E-mail. The Court references an e-mail directing that a credit disclosure be sent to plaintiff. Ruling at 9. Plaintiff has not seen it, and should get not only the e-mail but the receive /send log on both the alternative dates from both Equifax and Kilpatrick to verify that the request was made.

Expert witness. Both parties expected this matter to be decided as a matter of law. On July 29, 2003, the undersigned asked Mr. Love if plaintiff could designate an expert after the ruling, so as to avoid unnecessary expense. Mr. Love declined. The off-line procedures are well-known as harmful to consumers. No other consumer reporting agency uses them. The jury should hear from someone other than Equifax about the adverse consequences, because, in its zeal to protect itself, Equifax refuses to recognize the harm it does. Equifax refuses to adopt simple and obvious measures adopted by the other major bureaus which would have avoided this lawsuit in its entirety.

3

THE PLAINTIFF

BY /s/Joanne S. Faulkner
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772-0395
j.faulkner@snet.net

This is to certify that the foregoing was mailed on October 2, 2004, postage prepaid, to:

J. Anthony Love
Kilpatrick Stockton
1100 Peachtree St #2800
Atlanta GA 30309-4530

/s/ Joanne S Faulkner
Joanne S. Faulkner